JOSEPH CIOE *vs.* LOUIS PENNACCHIA.
BRIGIDA E. CIOE *vs.* LOUIS PENNACCHIA.

JULY 15, 1958.

PRESENT: Condon, C. J., Roberts and Andrews, JJ.

Roberts, J. These actions of trespass on the case for negligence were brought by Joseph Cioe and his wife Brigida E. Cioe to recover damages arising out of a collision between an automobile in which they were riding and an automobile operated by the defendant. These cases were tried before a justice of the superior court sitting with a

jury, and verdicts were returned for the husband in the amount of $2,300 and for the wife in the sum of $1,200. Thereafter the defendant moved for a new trial in each case on the usual grounds and on the ground that the damages were grossly excessive. The trial justice denied the defendant's motion for a new trial in each case, and the cases are before this court on the defendant's exception to the denial of such motions.

The collision out of which these cases arose occurred on October 31, 1956 at the intersection of Priscilla and Progress avenues in the city of Providence. The plaintiff husband was operating a car owned by him in an easterly direction along Priscilla avenue and his wife was riding in her husband's car as a passenger. The defendant was operating a car along Progress avenue in a northerly direction. It is not disputed that at the time of the collision it was dark and raining.

The first contention of defendant is that he should be granted a new trial on the issue of liability in the case of the plaintiff husband because the verdict therein is against the weight of the evidence. The defendant points out that the husband testified that when he entered the intersection of Progress avenue he looked to his right but did not see defendant's oncoming car until the moment of collision. It is the contention of defendant that in such circumstances the driver is guilty of negligence as a matter of law and he cites a line of cases of which *Keenan* v. *Providence Journal Co.*, 52 R. I. 54, is typical. In those cases we have recognized the principle that the testimony adduced in behalf of a plaintiff, to the effect that the plaintiff looked and saw nothing at a point where if he had looked he must have seen the oncoming vehicle, is without probative force because of the inherent improbability contained therein.

The situation disclosed by the evidence in the instant case differs from that in the *Keenan* case. Here we have evidence as to the condition of the weather, the darkness

of the night, the distance plaintiff could see in the circumstances, and the point in the intersection where the collision took place. There was testimony by the husband that he saw the lights of defendant's car just before the impact, but he was unable to state the distance at which he saw them. We think that this evidence takes the case out of the purview of the *Keenan* case, and it is our opinion that the trial justice properly denied defendant's motion for a new trial on the issue of liability in the husband's case.

We turn to a consideration of defendant's contention that a new trial should be ordered in each case on the ground that the verdicts were grossly excessive. In the case of the plaintiff husband the verdict was in the amount of $2,300. It is not disputed that on the basis of out-of-pocket expenses, as indicated in the testimony, about $1,484 of this amount was awarded for pain and suffering. In the case of the plaintiff wife the verdict in the amount of $1,200 was awarded apparently entirely for pain and suffering.

It is well established in this state that a trial justice upon considering a motion for a new trial on the ground that the award for damages was grossly excessive has the duty of exercising his independent judgment upon the evidence adduced with respect thereto. If in so doing he finds "that the amount is grossly excessive upon any possible finding regarding the extent of the injury, it is his duty to grant a new trial unless a remittitur to a proper sum is filed." *Faltinali* v. *Great Atlantic & Pacific Tea Co.*, 55 R. I. 438, 452.

It appears to us that the action of the trial justice in the instant cases constitutes substantial compliance with the duty stated in the *Faltinali* case. It is apparent from what he said in denying defendant's motions that he had exercised his independent judgment upon the evidence as to the extent of the injuries and the pain and suffering which accompanied them. It is likewise apparent that he recognized these injuries were not of unusual severity and also

that the pain and suffering were not of prolonged intensity. Referring to the amount of the verdicts he said: "* * * I might have made it just a trifle less, but on the other hand, it is not so grossly excessive or unconscionable that the court feels that it should interfere with it." These are circumstances in which we will apply our well-established rule of not disturbing the decision of the trial justice on a motion for a new trial unless it appears that he was clearly wrong.

In *Tilley* v. *Mather,* 84 R. I. 499, 502, 124 A.2d 872, 874, we made it clear that the phrase "grossly excessive" when used with reference to verdicts is not an empty one. In that case we stated: "To be grossly excessive, there must be a demonstrable disparity between the amount awarded and the pain and suffering shown to have been endured as a consequence of the injury sustained." We have carefully examined the transcript in the instant case and upon the evidence therein we are persuaded that there is no demonstrable disparity between the amounts awarded and the pain and suffering endured.

In each case there is evidence, which the jury was entitled to accept and believe, that each plaintiff did in some measure endure pain and suffering as a result of injuries. The fact that they endured pain and suffering justifies the jury in awarding compensatory damages therefor. Like the trial justice we think that the verdicts were somewhat generous, but despite that, we are unable to say that there was such a disparity between them and the evidence adduced concerning pain and suffering that we can declare them to be grossly excessive.

The defendant's exception in each case is overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Aram A. Arabian,* for plaintiffs.

*Higgins & McCabe, Eugene V. Higgins,* for defendant.