MARION O'BRIEN *vs.* GERALD WATERMAN.
MARION O'BRIEN *vs.* THOMAS WADE.
PRESTON NILON, *p. a. vs.* THOMAS WADE.
PRESTON NILON, *p. a. vs.* GERALD WATERMAN.

JULY 28, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

376

ROBERTS, J. These are four actions of trespass on the case for negligence. Two of these actions were brought by a minor to recover damages alleged to have been sustained while he was a passenger in an automobile owned by one defendant and operated by the other defendant, and two were brought by the mother of the minor against each said defendant to recover consequential damages. Hereinafter the plaintiff mother will be referred to as the mother and the minor plaintiff will be referred to as the son. The cases which were consolidated for trial by agreement were tried together by a justice of the superior court sitting with a jury. At the conclusion of the trial on June 30, 1959 the jury returned a verdict for the son against each defendant in the amount of $7,136 and for the mother against each defendant in the amount of $5,500.

The son thereafter moved for a new trial in each case brought by him on the ground that the damages awarded were inadequate, and asked that he be granted a new trial on the question of damages only subject to such additur as the court might order. The trial justice ordered a new trial in each case on the question of damages unless each defendant consented to an additur in the amount of $9,364. The additur was not consented to, and therefore a new trial was ordered in each case brought by the son on the issue of damages only.

The cases are before this court on the motion of the mother to dismiss the bill of exceptions in each case brought by her; on defendants' exceptions to the denial of their motion for the direction of a verdict and to certain evidentiary rulings of the court in all the cases; and further, with respect to the cases brought by the son, on defendants' exceptions to the granting of his motions for a new trial on the issue of damages only subject to defendants' consent to an additur.

We will first consider the mother's motion to dismiss the -bill of exceptions filed by each defendant in the cases brought by her. It appears from the record that, pending a decision on the son's motions for a new trial in the cases brought by him, judgment for plaintiff on the verdict was entered in each of the cases brought by the mother, and execution thereafter issued. When the son's motions for a new trial in each case brought by him had been granted, defendants on July 24, 1959 filed notice of their intention to prosecute a bill of exceptions in each of the four cases. Thereafter, in this court the mother moved to dismiss the bill of exceptions filed by defendants in each case brought by her on the ground that the court was without jurisdiction to entertain the bills of exceptions, because defendants had failed to file notice of intention to prosecute such exceptions within the time required by the pertinent statute, general laws 1956, §9-24-17.

The pertinent provisions of that statute read in part: "Any person or party who has taken exceptions in the superior court may prosecute a bill of exceptions to the supreme court by taking the following procedure: *First.* Within seven (7) days after verdict or notice of decision, but if a motion for a new trial has been made, then within seven (7) days after notice of decision thereon, he shall file in the office of the clerk of the superior court notice of his intention to prosecute a bill of exceptions to the supreme court * * *." It is clear from the record here that notices of defendants' intention to prosecute a bill of exceptions in the cases brought by the mother were not filed within seven days after the verdict therein, but that such notices were filed within seven days after decision was made on the son's motions for a new trial in the cases brought by him.

It is the well-settled law of this state that the statutory provision for an appeal by way of a bill of exceptions is jurisdictional, *Worthington* v. *Shewcov,* 89 R. I. 169, 152 A.2d 91, and will be construed strictly. *Frappier* v. *Frappier,* 64 R. I. 54; *Giguere* v. *Lapointe,* 56 R. I. 475. In the opinion in the latter case we stated at page 477: "This court has uniformly held that if a litigant desires a review of his case in the appellate court, he must apply for it in the time and in the manner prescribed by the statutes, which are to be strictly construed." Compliance with these rules requires us to hold that, there having been no motion for a new trial made in these cases, the filing therein of notice of defendants' intention to prosecute a bill of exceptions more than seven days after the verdict leaves this court without jurisdiction in the premises.

The consolidation of these cases with the other cases is without effect on this decision. It is true that under this statute the filing of a motion for a new trial in effect extends the time within which there may be a valid filing of notice of intention to prosecute a bill of exceptions in those particular cases. But the mere fact that there has been a

consolidation for trial of the other cases, in which no motions for a new trial have been filed, with cases in which such motions are filed does not have the effect of extending that time in the cases in which the motions for a new trial were not made.

The effect of a consolidation of cases for trial is well settled in this state. In the case of *Giguere* v. *Yellow Cab Co.*, 59 R. I. 248, this court held that consolidation for trial did not merge separate causes into one cause, but constituted only permission to try separate causes together in order to avoid unnecessary delay and expense in the administration of justice. In that case, concerning the effect of consolidation, we stated at page 251: "The causes of action remain distinct throughout such a trial and every legal right is preserved to the respective parties as fully as if the cases had been tried separately." Consolidation then does not ipso facto impair in any manner the legal rights of any of the parties to the actions so consolidated, and neither does it operate to expand or extend any of the legal rights of such parties. The right of a party in a consolidated case to invoke the jurisdiction of an appellate court remains the same after consolidation as before.

The defendants appear to rely upon the case of *Sullivan* v. *John R. White, Inc.*, 34 R. I. 61, as sustaining their contention that the consolidation of the instant cases for trial with cases in which a motion for new trial was subsequently made had the effect of extending the time for filing a notice of intention to prosecute a bill of exceptions herein. We do not agree. The *Sullivan* case clearly stands for the proposition that, in a particular cause when a motion for a new trial is made, the filing of notice of an intention to prosecute a bill of exceptions in the same cause before the motion for a new trial is decided is premature and without effect. In the instant cases the time within which defendants were required to file notice of their intention to prosecute a bill of exceptions was not extended by the consoli-

380

dation made here, and therefore the motions of the mother to dismiss for want of jurisdiction in each case must be granted.

We will therefore consider only those exceptions taken by defendants in the cases brought by the son. A motion in each case for a directed verdict was denied by the trial justice, and each defendant excepted thereto on the ground that there was no evidence in the record that defendant operator had been negligent in the operation of the automobile. The transcript reveals that the trial justice, in disposing of the motions of the parties for directed verdicts, stated that plaintiff had "made out a prima facie case of negligence * * *." This, in our opinion, was tantamount to finding that when the evidence was viewed in a light most favorable to plaintiff, it was susceptible of reasonable inferences that defendant operator was negligent and that on the basis of such inferences a jury could return a verdict for the plaintiff. In such a state of the evidence a verdict should not be directed. *Goodwill Advertising Co.* v. *Elmwood Amusement Corp.*, 86 R. I. 6, 133 A.2d 644.

It could be reasonably inferred from the evidence, when viewed in the light most favorable to plaintiff, that defendant operator was driving the automobile involved along a narrow, winding, high-crowned road, with which he was unfamiliar, at night and at a speed of not less than thirty miles an hour; that the car entered a curve in the road that he had not observed; that in attempting to negotiate that curve he partially lost control of the car and left the paved portion of the road; and that upon observing that the car was about to collide with a tree, he attempted to swerve to his left to avoid the tree but was unsuccessful and the car hit the tree, continued on for about thirty feet, and struck another tree. It is our opinion that on such evidence the trial justice did not err in finding that negligent operation by defendant could be reasonably inferred and that a jury could return a verdict for plaintiff. The motions for

the direction of a verdict were properly denied, and this exception in each case is overruled.

The defendants are pressing exceptions to two evidentiary rulings. One of these rulings excluded the proffered testimony of a physician that he had observed an odor of beer on the son's breath while attending him at a hospital shortly after the accident. The defendants contend that such testimony was properly admissible as an attack on plaintiff's credibility. Testimony that a witness was intoxicated at the time of the occurrence of an event concerning which he testified is generally held to be admissible for the purpose of attacking the credibility of the witness. *Prisk* v. *State,* 137 Conn. 35. Such evidence, however, is held to be admissible only to establish intoxication and will not be received merely to establish that the witness consumed an alcoholic beverage at the time.

In *Commonwealth* v. *Godfrey,* 177 Pa. Super. 640, testimony that a witness had taken some drinks prior to the occurrence of an accident, concerning which she testified, was held properly excluded, the court saying at page 644: " 'Whether one may have partaken of some liquor is not a test of one's credibility and is the type of question, whether answered in the affirmative or negative, that may create in the minds of some jurors a most unfavorable inference.' "

The defendants further contend that the testimony of the physician concerning an odor of beer on the son's breath was admissible in evidence on the question of his due care. If we assume that such testimony was admissible on the issue of such due care, we do not perceive that in the circumstances herein its exclusion constituted prejudicial error. It is not disputed that said plaintiff was a passenger in defendant's automobile and that he had been dozing until he was awakened by the occurrence of the accident. Nothing in the evidence tended to establish the existence of any circumstances known to him that rendered his failure to remain awake inconsistent with his duty to exercise due

care for his own safety. Absent some evidence of that nature, testimony as to his having had something to drink would be insufficient to establish contributory negligence. See *Shine* v. *Wujick*, 89 R. I. 22, 150 A.2d 1.

Several of defendants' exceptions were taken to the admission in evidence of a statement concerning the speed at which defendant operator was driving just prior to the accident, which statement was made by defendant owner to the police after the accident occurred. If the trial justice erred in admitting this testimony, which we do not concede, such action did not in the circumstances constitute prejudicial error, and the exceptions are overruled.

The plaintiff's motion for a new trial in each case on the ground of inadequate damages was granted by the trial justice unless each defendant consented to an additur in the amount of $9,364. Neither of the defendants consented to the additur, and each took exception to the action of the trial justice. The defendants under these exceptions contend, first, that a trial justice who grants a motion for a new trial subject to an additur is, under the statute, without authority to set the verdict aside as inadequate unless the defendant consents to the additur.

The authority of the superior court to order new trials conditioned on the nonconsent of the proper party to a remittitur or an additur is conferred in G. L. 1956, §9-23-1. That section, after giving the court authority to set aside the verdicts and order new trials, provides: "A verdict shall not be set aside as excessive, or inadequate, by the supreme or superior court until the prevailing party has been given opportunity to remit so much thereof as the court adjudges excessive, or the losing party consents to such additur as the court may order."

The substance of this contention is that when on a motion for a new trial on the issue of damages the court conditions a grant thereof on the nonconsent of the losing party to the additur ordered, the court under the express

terms of this statute is without authority to set the verdict aside as inadequate unless and until the losing party consents to the additur so ordered. They argue that the pertinent portions of the legislation are clear and unambiguous and must be taken literally by this court even though the conclusion thus reached is that the superior court by ordering an additur deprives itself of the authority expressly conferred upon it in the same statute to set aside a verdict.

We are unable to agree with defendants' argument as to the requirement for literal interpretation of legislation. It is well settled that where legislation is free from ambiguity and the language used expresses a definite and sensible meaning, the court will interpret it literally and without resort to the canons of statutory construction. *Weimar* v. *Newman*, 78 R. I. 221. But this rule will not be followed where its application will clearly result in attributing to the legislation a meaning that is contradictory of or inconsistent with the evident intention of the legislature. As was aptly stated by the Supreme Court of Delaware in the case of *Magill* v. *North American Refractories Co.*, 36 Del. Ch. 185, 128 A.2d 233, at page 236: "That the clear and unambiguous language in a statute is ordinarily the conclusive evidence of legislative intent is an elementary rule. But, like all rules of statutory construction, it has its limitations. Literal reading of language leading to results quite inconsistent with the general intent of a statute is to be avoided." That the evident purpose of legislative enactments is not to be defeated by a literal reading of the language thereof is well settled. *In re Roche's Estate*, 16 N. J. 579; *Commonwealth* v. *Chaitt*, 380 Pa. 532. The evident intention with which the legislature enacted the instant legislation was to promote the prompt and efficient administration of justice by allowing litigants to avoid second trials on the issue of damages by consenting to a decrease in the award of damages to the extent the court finds them excessive or to an increase therein to the extent the court finds

them inadequate. The literal reading of the statute as contended for by defendants would thus defeat the obvious purpose of the enactment.

Under this exception defendants contend also that §9-23-1, to the extent at least that it purports to confer upon the court authority to grant additurs, violates the provisions of article I, sec. 15, of the constitution of this state which reads: "The right of trial by jury shall remain inviolate." The gist of this argument, as we understand it, is that at the time of the adoption of our constitution this was a jury function, and legislation that purports to confer upon courts authority to increase an award of damages returned by a jury violates their right to the jury trial within the contemplation of the framers of the constitution.

The short answer to this argument is that nothing in §9-23-1 operates to deprive a litigant of a second jury trial on the issue of damages if he desires such a trial. Under the statute a defendant against whom a verdict has been returned may avoid a second trial by consenting to such increase in the amount the court may order. If he so consents he waives any trial and cannot be heard to complain. However, by electing merely to withhold his consent to such an increase, his right remains unimpaired to have the new trial, ordered by the court, heard with the intervention of a jury. In our opinion the instant statute does not violate defendants' right to a jury trial.

The defendants assert that the case of *Dimick* v. *Schiedt*, 293 U. S. 474, is authority for their contention that the additur provisions of §9-23-1 are unconstitutional. We do not agree. In that case, on the plaintiff's motion, a federal district court ordered a new trial on the issue of damages only, conditioned on the nonconsent of the defendant to an increase in the award of damages determined by the court. There was no requirement that the plaintiff consent to the increase, nor was his consent sought. The defendant consented and judgment was entered for the plaintiff on

the verdict as increased by the additur. The plaintiff appealed on the ground that his constitutional right to a jury trial was violated and the judgment was reversed. The case obviously is not in point.

There remains defendants' contention that the trial justice, in granting the additur here, misconceived certain of the evidence and conjectured as to the extent of the son's injuries. They argue that therefore the decision is not entitled to the weight which we customarily give to the decision of a trial justice in these circumstances. In view of this argument we have carefully examined the evidence relating to the elements of damage and his decision in granting the motion for a new trial. We are persuaded therefrom that the trial justice, in an exercise of his independent judgment, passed on the weight of the evidence probative of damages and the credibility of the witnesses and concluded that on the basis of all the evidence the amount awarded to plaintiff was inadequate. This constituted a sufficient compliance by him with the duty imposed upon him when such a motion is made, *Cioe* v. *Pennacchia,* 88 R. I. 133, 143 A.2d 288, and his decision on the question will be given substantial weight by this court. *Milliken* v. *Weybosset Pure Food Market,* 71 R. I. 312, 321.

In his decision on the motion, the trial justice directly questioned the adequacy of the award to compensate plaintiff for his permanent disabilities, his pain and suffering, and the impairment of his future earning capacity. He analyzed, somewhat briefly, the evidence adduced to prove that the future earning potential of plaintiff had been impaired and found that the jury properly could have disregarded much of that evidence as being without substantial probative force other than that it tended to prove that a permanent limp could affect plaintiff's future employment prospects.

He then went on to state by way of conclusion that, keeping in mind the nature of the injuries sustained, particu-

larly to the legs, and the permanent nature thereof, a consideration of all the evidence established that the award was inadequate. Clearly implied in that conclusion was his finding that, while plaintiff had not proved that he was entitled to compensation for a loss of future earnings, the award was insufficient to compensate him adequately for his pain and suffering and permanent injuries.

We are unable to say that in reaching these conclusions the trial justice either overlooked or misconceived any material evidence, or that he had unreasonably extended the probative force of the evidence by conjecture or speculation. The amount in which the award was increased by the additur was substantial, but that fact alone does not justify its being disturbed by this court. The trial justice here, in passing on the question as to the amount by which the award should be increased to adequately compensate the plaintiff son, had the advantage of seeing and hearing the plaintiff and the expert witnesses testify as to the extent of the disability, and his evaluation thereof must be taken as strongly persuasive if he has applied his independent judgment to that evidence. We have concluded that he did this and therefore, it not appearing that he has overlooked or misconceived any vital evidence on the issue, we cannot say that he was clearly wrong in ordering the verdict increased in the amount specified. The exception of each defendant to the granting of the motion for a new trial on the issue of damages is without merit.

In each of the cases brought by the plaintiff mother the motion to dismiss the defendant's bill of exceptions is granted, and each case is remitted to the superior court with direction to enter judgment on the verdict. In each case brought by the plaintiff son all of the defendant's exceptions are overruled, and each case is remitted to the superior court for a new trial on the issue of damages only unless the defendant shall, on or before August 8, 1960, file

in the office of the clerk of the superior court his consent to the additur in the amount fixed by that court.

*Albert Lisker, Milton Bernstein,* for plaintiffs.

*Francis V. Reynolds, Richard P. McMahon,* for defendants.