285 A.2d 783.

STATE *vs.* DENNIS P. AMARAL.

JANUARY 14, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. On November 17, 1967, an automobile driven by the defendant was involved in a traffic accident which resulted in the death of the driver of the other motor vehicle. The defendant was arrested and charged with driving under the influence of intoxicating liquor in violation of G. L. 1956 (1968 Reenactment) §31-27-2,[1] and driving so as to endanger, resulting in death in violation of §31-27-1.[2] The defendant was tried on both charges in the then District Court of the Sixth Judicial District. After the state rested, that court granted the defendant's motion to dismiss

[1]Section 31-27-2 in pertinent part reads as follows:

"(a) It shall be unlawful * * * for any person who is under the influence of intoxicating liquor to a degree which renders him incapable of safely operating a vehicle to drive or be in actual physical control of any vehicle within this state."

[2]Section 31-27-1 in pertinent part reads as follows:

"(a) When the death of any person ensues as a proximate result of an injury received by the operation of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of 'driving so as to endanger, resulting in death.'"

the charge of driving under the influence. It bound the defendant over to the grand jury on the other charge for which he was subsequently indicted. After a trial before a justice of the Superior Court sitting with a jury he was found guilty. His motion for a new trial having been denied, defendant filed his bill of exceptions.

The defendant has briefed his exceptions under several main points. However, at the hearing here, he expressly waived all exceptions other than those briefed under points I and II of his brief. Under point I he challenges the rulings of the trial justice which permitted the state, in its opening statement, to refer to "defendant's condition" on the night in question, and under point II he challenges those rulings which allowed a police officer who responded to the accident to testify that defendant appeared to have been drinking, smelled of alcohol and staggered.

The narrow issue here is whether the state is barred from introducing evidence of a defendant's drinking in a trial for reckless driving, death resulting, where the charges of operating under the influence have been dismissed in a previous trial in the District Court involving the same accident.

The defendant argues that it was reversible error to permit the state to refer to defendant's drinking in the opening statement or during the trial. He bases this argument in part on the ground that, since the charge of driving under the influence of liquor had been dismissed by the District Court, that issue had been finally settled and evidence of drinking or consuming alcohol could not be admitted into evidence in another trial arising from the same accident without violating his right against double jeopardy as provided in art. I, sec. 7 of our state constitution.[3]

---

[3]Section 7 in pertinent part reads as follows:

"No person shall, after an acquittal, be tried for the same offence."

The state concedes that defendant cannot be tried twice for the same offense, but argues that defendant was not being tried again for driving under the influence. The state points out that defendant was being tried on an indictment charging him with driving so as to endanger, death resulting, and that this offense is separate and distinct from the charge of driving under the influence. In arguing that it is proper to consider, among other factors, the sobriety of a defendant in determining the guilt of a defendant for reckless driving, death resulting, the state cites cases from other jurisdictions where it alleges such evidence has been held admissible.[4] In *People* v. *Abbott,* 101 Cal. App.2d 200, 225 P.2d 283 (1950), the California court, in holding that evidence of drinking was admissible in a trial for reckless driving even though defendant had been found not guilty of operating under the influence of liquor, said at 204, 225 P.2d at 286:

> "While the jury acquitted the defendant of the charge involved in the second count, [driving a vehicle on a public highway while under the influence of intoxicating liquor] the fact that she had been drinking was relevant evidence for the jury to consider in determining whether she acted as a reasonably prudent person under the circumstances."

In the case at bar the trial justice relied on *People* v. *Abbott, supra,* to allow evidence of defendant's drinking into the trial despite the dismissal of the charge of driving under the influence.

This case does not involve a violation of defendant's right against double jeopardy. The two charges are entirely separate and the acquittal of defendant of the charge of driving under the influence does not preclude, under certain circumstances, the introduction of such evidence

---

[4]*Tefke* v. *State,* 6 Md. App. 139, 250 A.2d 299 (1969); *Montague* v. *State,* 3 Md. App. 66, 237 A.2d 816 (1968); *People* v. *Abbott,* 101 Cal. App.2d 200, 225 P.2d 283 (1950).

in the trial of defendant for driving so as to endanger, death resulting. *See People* v. *Abbott, supra.*

The question raised by this proceeding is: When can the prosecution introduce evidence of the consumption of alcoholic beverages in a case such as this? The precise issue raised here has, as far as we are aware, never been before this court in a criminal case. However, we do have the benefit of decisions which have considered some aspects of this problem in civil actions.

*O'Brien* v. *Waterman,* 91 R. I. 374, 163 A.2d 31 (1960), involved four actions of trespass on the case for negligence arising out of a motor vehicle collision. The jury returned verdicts for the plaintiffs and the cases were brought here on the defendants' exceptions. One of these was an exception to a ruling of the trial justice excluding the proffered testimony of a physician that he had observed an odor of beer on the plaintiff son's breath while attending him at a hospital shortly after the accident. The defendants contended that this testimony was properly admissible as an attack on plaintiff's credibility. After noting that testimony that a witness was intoxicated at the time of the occurrence of an event about which he testified is generally held to be admissible for the purpose of attacking the credibility of the witness, this court said:

> "Such evidence, however, is held to be admissible only to establish intoxication and will not be received merely to establish that the witness consumed an alcoholic beverage at the time." *Id.* at 381, 163 A.2d at 35.

However, in that case, the court did not pass on the question whether evidence of the consumption of an alcoholic beverage as distinguished from intoxication is admissible on the issue of the plaintiff's contributory negligence.

The next case in which this problem arose is *Peters* v. *Gagne,* 98 R. I. 100, 199 A.2d 909 (1964), which also in-

volved actions of trespass on the case for negligence. The trial justice allowed testimony into evidence concerning the consumption of an alcoholic beverage by one of the plaintiffs sometime prior to the accident. No claim was made that the plaintiff was intoxicated; the testimony was offered only for the purpose of establishing the consumption of some alcoholic beverage for whatever probative force it might have had on the issue of the plaintiff's due care for her own safety. The plaintiff contended that the effect of this testimony was to prejudice her in the eyes of the jury. She relied on the proposition that nothing less than intoxication may be shown.

The justices who heard the *Peters* case were unanimous in their conclusion that the admission of such testimony was reversible error and that nothing less than intoxication is an element of proof on the issue of negligence. Accordingly they remitted the case to the Superior Court for a new trial. It is apparent from what was said that they felt that while proof of intoxication is relevant where reckless or careless driving of a motor vehicle is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible because such evidence is unfairly prejudicial and confusing.

This issue appeared again only recently in the case of *Handy* v. *Geary*, 105 R. I. 419, 252 A.2d 435 (1969), which involved the alleged negligent operation of an automobile owned by the defendant Cyril Geary and operated by his son, Dennis. The plaintiffs, Spencer Handy and Peter Ucci, were passengers in the Geary automobile when it was involved in an accident in which they claimed they were injured. During the cross-examination of Peter Ucci and the direct examination of Dennis Geary, the defendants' counsel inquired whether there had been any beer drinking by Dennis in the parking grounds prior to his driving off before the accident. The purpose of this line

of inquiry was to bar recovery on the grounds that the plaintiff was contributorily negligent or had assumed the risk when he went for a ride in an automobile driven by a person whom he knew or should have known had been drinking intoxicants. Upon representations of the defendants' counsel that he had no evidence that Dennis was intoxicated and that he would not say there was proof of intoxication, the trial justice sustained the plaintiffs' objection to this line of questioning. In excluding such testimony the trial justice was relying on the conclusion of the justices of this court in *Peters* v. *Gagne, supra.*

We affirmed the ruling of the trial justice and held that, in view of the defendants' representations that they had no evidence that the defendant, Dennis Geary, was intoxicated and that they would not say they were going to prove intoxication, the question of intoxication was not an issue and, therefore, the ruling excluding drinking of intoxicants was not error. In so ruling we quoted with approval the following passage from VI Wigmore, *Evidence,* §1904 at 574:

> " * * * the probative usefulness of the evidence is more than counterbalanced by its disadvantageous effects in confusing the issues before the jury, or in creating an undue prejudice in excess of its legitimate probative weight. In either case, its net effect is to divert the jury from a clear study of the exact purport and effect of the evidence, and thus to obscure and suppress the truth rather than to reveal it."

Believing that a definition of the term "intoxication" would be helpful in the trial of civil cases, we took the occasion in *Handy* v. *Geary, supra,* at 431, 252 A.2d at 441, to formulate the following:

> "Intoxication comprehends a situation where, by reason of drinking intoxicants an individual does not have the normal use of his physical or mental faculties, thus rendering him incapable of acting in a manner in which an ordinarily prudent and cautious man,

in full possession of his faculties, using reasonable care, would act under like conditions. *State* v. *Hightower*, 238 La. 876, 116 So.2d 699."

And, because of the potential prejudice to a litigant by the admission of this kind of evidence and in order to give guidance to trial justices in the trial of civil actions where this question arises, we announced the following procedure:

"Whenever the issue of intoxication is raised, before evidence of drinking of intoxicants may be presented to the jury, the trial justice shall conduct a preliminary evidentiary hearing on this issue in the absence of the jury. If he finds that the evidence is such that different minds can naturally and fairly come to different conclusions on the question of intoxication, as we have defined that term, then and only then, may evidence of drinking be admitted under proper instructions for ultimate determination of such question by the jury under the same test." *Id.* at 431, 252 A.2d at 441.

We believe that the foregoing civil cases evince a belief on the part of this court that because of the undue potential of this kind of evidence to cause confusion and to be unfairly prejudicial, evidence of the drinking of alcoholic beverages should not be admitted to affect credibility, *O'Brien* v. *Waterman, supra,* or to establish lack of due care, *Handy* v. *Geary* and *Peters* v. *Gagne,* both *supra,* unless it is offered for the purpose of proving intoxication, as that term is defined in *Handy.*

We are firmly convinced that the reasoning behind the decisions in those cases applies equally in criminal cases. Fairness demands that criminal trials be free of unduly prejudicial matter and of matter which has a direct tendency of creating confusion in the minds of the jurors by introducing another issue, namely, whether defendant was intoxicated, when intoxication is not an issue in the case.

In *Handy* v. *Geary, supra,* in the absence of a legislative

definition of the term "intoxication," we formulated a judicial definition of that term for guidance in the trial of civil cases. The case at bar, however, is a criminal case involving the operation of a motor vehicle "in reckless disregard of the safety of others." In *State* v. *Scofield*, 87 R. I. 78, 82, 138 A.2d 415, 417 (1958), we defined the terms "recklessly" and "reckless driving" as meaning " 'driving in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property.' "

We have no difficulty in holding that in this case evidence of the consumption of an alcoholic beverage is not admissible for the purpose of merely establishing that defendant consumed some before the accident. However, since proof of intoxication is relevant for the jury to consider in determining whether defendant was operating his vehicle in reckless disregard of the safety of others, §31-27-1; *People* v. *Abbott, supra,* we hold that evidence of the consumption of alcoholic beverages is admissible under the procedure discussed below, to establish intoxication as defined in *Handy* v. *Geary, supra.*

In applying this test to the case at bar, it is obvious that evidence that defendant had been drinking prior to the accident was inadmissible if it were offered merely to show that he had consumed some liquor before the accident.

On this record we hold that the rulings permitting such testimony in evidence constituted reversible error. Since this case is going to be remitted for a new trial, we believe it will be helpful to the trial courts to suggest that they follow the same procedure in criminal cases, when this question arises, as we announced in *Handy* v. *Geary, supra,* for civil cases. The following procedure will, in our judgment, better serve the ends of justice. Whenever the question of the consumption of alcoholic beverages is raised in a case such as this, before evidence of drinking intoxi-

cants may be presented to the jury, the trial justice shall conduct a preliminary hearing on this issue in the absence of the jury. If the trial justice finds that the evidence on the issue of intoxication, as defined in *Handy* v. *Geary, supra,* is such that different minds can naturally and fairly come to different conclusions on this issue, he shall admit the evidence of drinking under proper instructions for ultimate determination of such question by the jury. On the other hand, if he finds such evidence to be insufficient to prove intoxication as defined in *Handy* v. *Geary, supra,* he shall not allow it into evidence.

The exceptions which defendant has briefed and argued under points I and II of his brief are sustained and the case is remitted to the Superior Court for a new trial.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Henry Gemma, Jr.,* Special Asst. Attorney General, for plaintiff.

*Bucci & Rao, Carmine A. Rao,* for defendant.