STATE

v.

Francis D. BURKE.

No. 80–108–C.A.

Supreme Court of Rhode Island.

March 26, 1981.

Dennis J. Roberts, II, Atty. Gen., Kathryn A. Panciera, Sp. Asst. Atty. Gen., for plaintiff.

Callahan & Sayer, James B. Callahan, Newport, Denner & Benjoya, Jeffrey Denner, Ouida C. M. Young, Allison R. Porter, Boston, Mass., for defendant.

OPINION

BEVILACQUA, Chief Justice.

The defendant, Francis Burke, was indicted on two charges: driving to endanger, death resulting, in violation of G.L.1956 (1968 Reenactment) § 31–27–1, and driving under the influence of liquor and drugs in violation of G.L.1956 (1968 Reenactment) § 31–27–2.[1] After trial in the Superior

---

1. General Laws 1956 (1968 Reenactment) §§ 31–27–1 and 31–27–2, have since been amended by P.L.1978, ch. 208, § 2 and P.L. 1980, ch. 321, § 1, respectively.

Court, the jury returned guilty verdicts for the charge of driving to endanger, death resulting, and the modified charge of driving under the influence of liquor. The trial justice had instructed the jury to disregard evidence concerning the defendant's possession and use of drugs. Judgments of conviction were entered, and from these judgments the defendant appeals.

On May 2, 1977, at approximately 10 p.m., defendant was involved in an automobile accident in Middletown which resulted in the death of a young bicyclist, Kenneth Hatch. The accident occurred along a stretch of West Main Road which was four lanes wide. The weather that evening was dry and clear, and the traffic on West Main Road was moderate. The defendant testified that while moving with the flow of traffic and as he was approaching a doughnut shop, he saw a car traveling in the opposite direction swerve into his lane. The defendant further testified that the only way he could avoid colliding with this car was to swerve to his right. The defendant first hit the curb and then struck the Hatch boy while attempting to turn his car back onto the highway. The defendant's vehicle proceeded to cross over four lanes of the highway until finally stopped by a chain link fence.

An officer who arrived at the scene testified that defendant's eyes looked a little glassy and were red.[2] The officer further stated that he could detect an odor of alcohol and that defendant did not make much sense when he gave his statement. Additionally, the officer indicated that defendant's speech was slurred.[3]

A passenger in the vehicle that defendant was driving testified that she and defendant had been in a restaurant just prior to the accident. They had ordered shrimp cocktails and had consumed three to four drinks each. For defendant, these drinks each consisted of two-ounce servings of Southern Comfort on the rocks. Apparently, defendant had his last drink fifteen minutes before they both left the restaurant.

The defendant was transported to the Middletown police station where an officer conducted a search of defendant and found drugs in his possession. Several hours later, another police officer conducted a search of the vehicle. This officer discovered a marijuana cigarette on the passenger's side of the front floor board. He also found two bags of marijuana in the well behind the seats.

Prior to trial, defendant filed a motion in limine seeking to exclude any reference or testimony relating to his possession of drugs.[4] The Superior Court justice denied this motion. The defendant also filed a motion to suppress the drugs found during the search of the vehicle, but this motion was similarly denied.

During the trial, defense counsel stipulated to the presence of marijuana in the car, and defendant, on direct examination, testified that the marijuana belonged to him. The trial justice, referring to this stipulation, told the jurors that they would receive some instructions regarding this evidence. The trial justice added that it would be for them to determine the weight to give this evidence when deciding the factual issues.

Prior to submitting the case to the jury, however, the trial justice decided not to allow the jury to consider the testimony concerning the presence of drugs. The justice cited the lack of evidence presented by

The defendant was also indicted for possession of less than an ounce of marijuana, possession of cocaine, and possession of diazepam. Before trial, defendant pleaded guilty to each of these counts.

2. Similar testimony was given by another officer who searched defendant at the police station, and it was stipulated that two other officers would also have testified that defendant smelled of alcohol, had bloodshot eyes, and exhibited trouble walking.

3. The police, however, chose not to conduct tests upon defendant to determine the extent of his intoxication.

4. Generally, a motion in limine may be made either before or during trial for the purpose of suppressing prejudicial evidence. *See State v. Bennett*, R.I., 405 A.2d 1181, 1186 (1979).

the state regarding the effect these drugs could have had on defendant's driving ability. Instead, he instructed the jury that the evidence of drugs was not properly before them. The trial justice cautioned that there was no evidence that defendant was operating under the influence of a narcotic drug and therefore that the jury was to disregard all drug-related testimony previously offered on the issue of driving under the influence.

The question we consider on this appeal is whether the irrelevant evidence concerning drugs, allowed initially by the trial justice in the course of the trial, was so prejudicial that curative instructions would not render it harmless.

The defendant contends that admission of this evidence was so highly prejudicial that the instructions of the trial justice did not render the admission harmless. We agree.

■ Whether or not evidence is relevant is a matter within the sound discretion of the trial justice. *State v. Amado*, 109 R.I. 53, 57, 280 A.2d 324, 326 (1971). This determination, however, may have an important bearing on the rights of the accused because irrelevant evidence may also be prejudicial and its introduction at trial may constitute reversible error. *See State v. Kieon*, 93 R.I. 290, ·294, 175 A.2d 284, 286 (1961). In the instant case, the trial justice initially determined that the evidence of drugs was relevant. Later, he concluded that there was no support for the charge that defendant was actually operating his vehicle while under the influence of drugs. Hence, the lower court implicitly found the evidence of drugs to be irrelevant and instructed the jury not to consider this evidence.

■ We have stated that "[t]here is no fixed formula to determine whether the prejudicial taint [of improperly received evidence] has been removed." *State v. Edwards*, R.I., 405 A.2d 1161, 1164 (1979). Rather, in determining whether such evidence influenced the jury in its deliberations,

"we look to the record with a view to determining what in our judgment would

have been the probable impact of the improper evidence on the minds of an average jury. Once that judgment is made, we will assume that the objectionable evidence had a similar impact on the jury in this case." *State v. Bower*, 109 R.I. 198, 201, 283 A.2d 39, 41 (1971). Essentially, therefore, if we are unable to say whether the jury would have reached the same verdict if the evidence had not been improperly admitted, we will enter a finding of reversible error. Viewing our standard of review from a more affirmative approach, we need only find a reasonable possibility that the error complained of contributed to the conviction for this court to conclude that the evidence was prejudicial. And we will not conclude that the effect of the prejudicial evidence automatically disappeared because the trial justice gave cautionary instructions.

■ In the case at bar, evidence that drugs were present in the vehicle was not relevant when the driving-under-the-influence charge had been modified to include only alcohol and not drugs. This evidence not only was irrelevant but could only cause confusion in the jurors' minds and divert their attention from relevant evidence. *See State v. Amaral*, 109 R.I. 379, 386, 285 A.2d 783, 787 (1972). Furthermore, because of the highly prejudicial nature of the drug-related evidence, the trial justice's curative instructions were wholly inadequate to remove the harm engendered by this evidence. *See State v. Edwards*, R.I., 405 A.2d at 1164. Drugs, like alcohol, can affect a person's driving ability. Consequently, a reasonable possibility exists that evidence relating to drugs would tend to exert a distracting influence upon the determination of the real issue in the case. *See Heuser v. Goldstein*, 107 R.I. 317, 321, 267 A.2d 420, 422 (1970).

In considering this question, we carefully took all the factors mentioned into account. We hold that allowing the improper evidence to be introduced, even though curative instructions excluding the evidence from consideration by the jury were given, was reversible error. Accordingly, the de-

fendant's appeal is sustained, and the case is remanded to the Superior Court for a new trial.

SHEA, J., did not participate.