**STATE**

v.

**Paul M. SAHADY.**

**No. 96–409–Appeal.**

Supreme Court of Rhode Island.

June 5, 1997.

Aaron L. Weisman, Providence, for Plaintiff.

Timothy J. Dodd, Frank Caprio, Providence, for Defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS, JJ.

**OPINION**

BOURCIER, Justice.

Pursuant to a question certified here by a justice of the Superior Court pursuant to G.L.1956 § 9–24–27, this Court has been asked to determine whether G.L.1956 § 11–47–52 [1] is unconstitutionally vague in violation of the due process clauses of the Fifth and the Fourteenth Amendments to the United States Constitution. We conclude that it is not.

The defendant, Paul M. Sahady, was arrested on October 26, 1995, and subsequently charged with carrying a firearm while intoxicated in violation of § 11–47–52. He moved

---

1. General Laws 1956 § 11–47–52 provides: "Carrying of weapon while under the influence of liquor or drugs.—It is unlawful to carry or transport any firearm in this state when intoxicated or under the influence of intoxicating liquor or narcotic drugs."

to certify the aforementioned question, and pursuant to our decision in *State v. Fonseca*, 670 A.2d 1237 (R.I.1996), a justice of the Superior Court held an evidentiary hearing on May 6 and 16, 1996, to create a factual record to supplement the certified question. The hearing justice's findings from the record are as follows.

On October 26, 1995, at approximately 12:15 a.m. an officer of the Warwick police department received a police radio alert that a white Thunderbird had been seen driving at a high rate of speed on Airport Road in Warwick and had stopped in the parking lot of Barry's Disco, also in Warwick. That officer was dispatched to the Hoxsie area of Warwick to investigate the report.

Upon entering the parking lot of Barry's Disco, the officer observed a large white car parked nearby and two individuals standing close to it. The officer then proceeded to approach the car and saw the defendant standing beside the driver's side door and another individual standing alongside the passenger's side door. The officer then asked the defendant, standing by the driver's side door whether he had been operating the vehicle that evening, and the defendant answered that he had been the driver.

The officer then instructed the defendant to return to the interior of his vehicle and also asked to see the defendant's license and registration. The officer observed that the defendant smelled of alcohol, that his eyes were bloodshot and watery, and that his speech was slurred. The officer then ordered the defendant out of the vehicle in order to perform a pat-down search. At this point another officer arrived to assist. During the pat-down process the defendant informed the officers that he was carrying a firearm and that he had a Massachusetts license to carry a gun and that he was a prominent criminal lawyer in that state. The officers retrieved the firearm.

The defendant was then asked to perform a number of field sobriety tests including the walk-and-turn test, the finger-to-nose test, and the Romberg balancing test. The defendant failed each test. The first officer testified at the hearing below that on the basis of his experience and training, he believed the

defendant to have been under the influence of intoxicating liquor. The second officer also testified that he administered a sobriety test at the scene known as the horizontal-gaze nystagmus test, which defendant also failed. Accordingly, defendant was arrested for carrying a firearm while intoxicated in violation of § 11–47–52.

The defendant contends that the phrases "when intoxicated" and "under the influence" fail to adequately warn what conduct is proscribed by the General Assembly and that the statute is therefore facially vague and vague as applied to him.

■ We begin our analysis by reiterating that "'vagueness challenges to statutes which do not involve First Amendment Freedoms must be examined in light of the facts of the case at hand.'" *Fonseca*, 670 A.2d at 1240 (quoting *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706, 713 (1975)). Relying on those facts, so long as a statute is constitutionally specific in regard to a particular defendant, this Court will not consider a defendant's facial-vagueness challenge. *See Village of Hoffman Estates, v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n. 7, 102 S.Ct. 1186, 1191 n. 7, 71 L.Ed.2d 362, 369 n. 7 (1982).

The reason for this determination is clear. Vagueness challenges under the due process clause rest principally on lack of notice. *See State v. Alegria*, 449 A.2d 131, 133 (R.I.1982); *State v. Authelet*, 120 R.I. 42, 45, 385 A.2d 642, 644 (1978). Absent some other constitutional concern, if the facts show that a defendant is given sufficient notice that his conduct is at risk we see no reason to speculate whether the statute notifies a hypothetical defendant. *See, e.g., Village of Hoffman Estates*, 455 U.S. at 500, 102 S.Ct. at 1191, 71 L.Ed.2d at 369. This method of generally examining vagueness challenges only as they apply to a particular defendant's factual circumstances furthers our long settled practice of construing "legislative enactment[s] of the General Assembly to be constitutional and valid * * * whenever such a construction is reasonably possible." *Fonseca*, 670 A.2d at 1240.

■ To determine whether § 11–47–52 is unconstitutionally vague as to this defendant, we have stated previously that " '[t]he standard employed * * * is whether the disputed verbiage provides adequate warning to a person of ordinary intelligence that his conduct is illegal by common understanding and practice.' " *Fonseca,* 670 A.2d at 1239 (quoting *Authelet,* 120 R.I. at 45, 385 A.2d at 644).

■ The facts of this case show that when the police arrested the defendant, his speech was slurred, his eyes were bloodshot and watery, and he emitted a strong odor of alcohol. In addition the defendant failed at least four field sobriety tests. We are compelled to conclude that § 11–47–52 reasonably informed the defendant that his particular level of intoxication while carrying a firearm was proscribed. We thus conclude that his vagueness challenge fails.

In addition, we note that the term "intoxication" has long been defined by this court in the criminal context. In our decision *State v. Amaral,* 109 R.I. 379, 285 A.2d 783 (1972), we adopted the following definition of intoxication as being available for use in criminal cases:

"'Intoxication comprehends a situation where, by reason of drinking intoxicants an individual does not have the normal use of his physical or mental faculties, thus rendering him incapable of acting in a manner in which an ordinarily prudent and cautious man, in full possession of his faculties, using reasonable care, would act under like conditions.' " *Id.* at 385–86, 285 A.2d at 787.

We are satisfied that this standard embodies common understanding and practice and is sufficiently precise to allow the general public to gauge its conduct.

We are not persuaded by defendant's argument that the instant statute should be found unconstitutionally vague under our decision in *Fitzpatrick v. Pare,* 568 A.2d 1012 (R.I.1990). In that case, we invalidated a statute that permitted the Rhode Island Registry of Motor Vehicles, without any preliminary hearing, to suspend the license of a motor vehicle operator upon a showing by its records or other evidence that the licensee had been involved in an accident resulting in personal injury or death. *Fitzpatrick,* 568 A.2d at 1013. The statute in question permitted a license suspension regardless of whether the driver was at fault or was merely a victim. *Id.* at 1014. That decision is more properly read as dealing with the concern over arbitrary use of administrative authority. In that case we found that the statute gave *no* standards to assist with agency decision making and was thus unconstitutionally vague. *Id.*

Unlike the situation in *Fitzpatrick,* law enforcement personnel when enforcing § 11–47–52, are guided by statutory requirements such as suspect notification procedures and sobriety tests that help ensure consistent application of the statute in question. In sum, we are content that police authority is reasonably confined by the language of the statute.

Because we find that § 11–47–52, as applied to this particular defendant, is not unconstitutionally vague in violation of the Fifth and the Fourteenth Amendments to the United States Constitution, we answer the certified question in the negative and remand the papers to the Superior Court for further proceedings consistent with this opinion.

GOLDBERG, J., did not participate.