DECISION
This matter is before the Court on cross motions for summary judgment filed by a condominium association, Plaintiff Breakwater Village Condominium Association, and its developer, Defendant Breakwater Village, Inc., whereby the parties principally contest the ability of the developer to add to the condominium association a smaller condominium association (Defendant One Offshore Road Condominium Association, Inc.) and whether the individual unit owners of the smaller association are indispensable parties to the resolution of this issue. This Court grants the motion for summary judgment filed by Plaintiff Breakwater Village Condominium Association and denies the cross motion for summary judgment filed by Defendant Breakwater Village, Inc., finding that the individual unit owners of One Offshore Road Condominium Association, Inc. are not indispensable parties to this action and that Defendant Breakwater Village, Inc.'s attempt through the Ninth Amendment to the Declaration of Condominium of Breakwater Village to add One Offshore Road Condominium Association, Inc. to the Breakwater Village Condominium Association, absent a merger of the two associations or the creation of a master association, violates the Rhode Island Condominium Act. *Page 2 
 I. Factual Background and Procedural History
Plaintiff, Breakwater Village Condominium Association, Inc. ("BVCA"), is a Rhode Island non-profit organization established on June 28, 1991. BVCA's membership is comprised of all of the unit owners within the Breakwater Village Condominiums. Defendant, Breakwater Village, Inc. ("Breakwater"), was the developer of the Breakwater Village Condominiums, which are located in the Town of Narragansett, Rhode Island. Pursuant to the Declaration of Condominium for BVCA, the Breakwater Village Condominiums cannot contain more than one hundred seventy two (172) units.
The Declaration of Condominium for Breakwater Village Condominiums contains a reservation of rights to develop that allowed Breakwater to develop a "Lot 1." Section 16.1 of the Declaration entitled "Development Rights and Special Declarant Rights," states:
 [t]he declarant [Breakwater] reserves to itself and for the benefit of its successors and assigns, . . . the right to add real estate to the Condominium, to create Units, Common Elements or Limited Common Elements within the Condominium, to subdivide or convert Units into Common Elements, to withdraw real estate from the Condominium and any and all other Development Rights as are now allowed or in the future may be allowed by the Act.
Additionally, Section 16.2(c) of the Declaration specifically provides:
 [t]he Declarant also reserves . . . the right to develop that parcel designated as Lot 1 of the Withdrawable Real Estate as shown on Exhibit D attached hereto, in any manner that is now or in the future may be permitted either by the Narragansett Zoning Ordinance or by application to the Narragansett Zoning Board of Review for a special exception, for property located in a B-C Waterfront Business Zone.
As part of the Ninth Amendment to the Declaration, Breakwater purported to exercise these rights. The reservation of rights also allows Breakwater to make BVCA part of a larger *Page 3 
condominium subject to a master association. The reservation of rights does not state that a smaller condominium association can be inserted into BVCA.
On March 13, 2000, the Zoning Board of Review for the Town of Narragansett granted a special use permit to allow thirty-six (36) seasonal campsites on Lot 1. As a result, Breakwater decided to develop Lot 1 by creating One Offshore Road Condominium ("One Offshore"). It created One Offshore by the Declaration of Condominium of One Offshore Road Condominium dated December 30, 2004. One Offshore is comprised of thirty-nine (39) units, with a right reserved by Breakwater to raise that number to 42. Presently, One Offshore contains thirty-three (33) trailer sites and six (6) single family residences.
Breakwater acted on its development rights by executing the Ninth Amendment to the Declaration of Breakwater Village Condominium. The Ninth Amendment does not create One Offshore, but instead seeks to incorporate it into BVCA. Before executing the Ninth Amendment, Breakwater removed Lot 80 from BVCA to create a parking lot, which reduced the number of units to 171. In the Ninth Amendment, Defendant removed Lot 1 from the "Withdrawable Real Estate" to add one (1) additional unit to the Breakwater Condominium, bringing the total number of units up to one hundred seventy two (172). It then subdivided this single unit to accommodate One Offshore. Additionally, the Ninth Amendment clarified the rights of One Offshore and BVCA with regard to easement access and association fees.
Subsequently, Plaintiff filed this suit against Breakwater and One Offshore. In its amended complaint, BVCA requests a declaration from this Court that Breakwater's Ninth Amendment is unlawful, invalid and of no force or effect and that Breakwater created One Offshore unlawfully.
Breakwater has filed a motion for summary judgment and supporting memorandum. *Page 4 
Defendant argues that it acted in accordance with the statutory requirements of R.I. Gen. Laws 1956 § 34-36.1 et. seq.
(the "Act"), when it exercised its development rights and added one unit to the Breakwater Village Condominiums and then subdivided that unit to create One Offshore. It further contends that summary judgment should be granted for plaintiff's failure to join indispensable parties because the property rights of the individual unit owners of One Offshore are intertwined with the resolution of this case, and BVCA failed to join them as parties to this action.
BVCA filed an objection to Defendant's motion for summary judgment, a cross-motion for summary judgment and supporting memoranda of law. It argues that the Ninth Amendment to the Declaration of BVCA is void, contrary to the Declaration and not supported by § 34-36.1 et. seq. It also argues that the individual unit owners of One Offshore are not indispensable parties because their property rights and titles are not at risk. With regard to Lot 1, BVCA contends that a genuine issue of material fact exists as to whether adding Lot 1 to BVCA brought the total number of units to 172 and that Breakwater has failed to establish that the use of Lot 1 is allowed by the Narragansett Ordinances, the Declaration of Condominium of BVCA and the Rhode Island General Laws.
One Offshore Road has not filed any motions or submitted any memorandum of law.
 II. Analysis A. Indispensable Parties
Breakwater contends that the individual unit owners of One Offshore are indispensable parties to this action. According to Breakwater, "[t]his action seeks an Order from this Court declaring that the creation of the One Offshore Road Condominium was unlawful and in *Page 5 
violation of the Declaration of Condominium and that the Ninth Amendment to the Declaration of [BVCA] is unlawful, invalid and of no force whatsoever." Breakwater asserts that nullifying the Ninth Amendment and declaring One Offshore to be invalid patently interferes with the ownership interests of the individual unit owners.
Conversely, BVCA argues the individual unit owners of One Offshore are not indispensable parties to the action because BVCA is not asking this Court to declare One Offshore unlawful. According to BVCA, the Ninth Amendment does not create or establish One Offshore. Instead, BVCA asserts that Breakwater created One Offshore separately and that the Ninth Amendment only seeks to add this distinct legal entity to BVCA. As such, BVCA argues that no individual unit owner's property rights would be affected by a declaration that the Ninth Amendment is invalid, such that the individual unit owners of One Offshore are not indispensable.
Under Rhode Island law, this Court must engage in a four-part inquiry to determine whether a party is indispensable, asking: (1) is the interest of the absent party distinct and severable; (2) in the absence of such party, can the court render justice between the parties before it; (3) will the decree made, in the absence of such party, have an injurious effect on the interest of such absent party; and (4) will the final determination, in the absence of such party, be consistent with equity and good conscience. See Anderson v. Anderson,283 A.2d 265, 269 (R.I. 1971). If any of the four questions are answered in the negative, the party is indispensable. Id.
In applying these precepts, this Court is satisfied that the individual unit owners of One Offshore are not indispensable parties to this action. Although Breakwater is correct that BVCA initially plead in its Amended Complaint "that [Breakwater's] creation of Offshore was unlawful and in violation of the Declaration of Condominium of [BVCA] and [the Act]," BVCA's *Page 6 
position has since changed. In BVCA's supplemental memorandum of law, it unequivocally states that "[BVCA] is not asking the Court declare One Offshore condominium unlawful." The relief sought by BVCA extends only to a determination that the Ninth Amendment is invalid and that One Offshore is not a part of BVCA. Thus, BVCA's requests for relief do not implicate the property interests of the individual unit owners of One Offshore. In addition, finding the Ninth Amendment to be void would not invalidate the Declaration of Condominium of One Offshore Road Condominium. BVCA does not challenge any individual unit owner's right to title of any unit within One Offshore or the form of ownership of any unit within One Offshore. No "cloud" will be placed on any of the titles to One Offshore units if the Ninth Amendment is declared void and One Offshore is precluded from inclusion in BVCA. Further, nothing in the express language of the Ninth Amendment purports to transfer or alter any kind of ownership interests in the various properties. The rights of owners of One Offshore are outlined and created in the Declaration of Condominium of One Offshore recorded on December 30, 2004, but are not created by the Ninth Amendment.
The main thrust of the Ninth Amendment, aside from exercising development rights, is to reaffirm the various financial obligations of the two associations. Under the Ninth Amendment, One Offshore is responsible for the maintenance of the common areas and common elements of One Offshore. As these financial and maintenance responsibilities are the only matters affected by a voiding of the Ninth Amendment — and do not effect title to the individual units — the One Offshore Road Condominium Association, and not its individual unit owners, is the proper party to this action.
Under the Anderson test for determining whether a party is indispensable, therefore, it is clear that the individual unit owners have interests that are distinct and severable from the *Page 7 
interests of One Offshore. 283 A.2d at 269. In addition, the Court can render justice with the parties currently before it, any decree it makes will not have an injurious effect on the non-party unit owners, and the Court's determination will be consistent with equity and good conscience. See id. Accordingly, Defendant Breakwater's motion for summary judgment, to the extent premised on its argument that BVCA failed to join indispensable parties, is denied.
 B. The Ninth Amendment
The core dispute between the parties concerns whether the provisions of the Rhode Island Condominium Act, R.I. Gen. Laws § 34-36.1-1 et seq., allow a condominium association to be inserted into another condominium association absent merger or creation of a master association. Breakwater argues that it acted pursuant to the Act when it removed Unit 80 from BVCA to create a parking space — bringing the total number of units down to 171 — and then added Lot 1 from the "Withdrawable Real Estate" to raise the number of permissible units back up to 172. Breakwater asserts that adding this land and subdividing it to add One Offshore to BVCA is in accordance with the Act. Further, Breakwater argues that the Declaration reserved to it certain development rights and that, before its addition to BVCA, the "Withdrawable Real Estate" had been properly made subject to development rights. In its supplemental memorandum, however, Breakwater concedes that the Act does not explicitly authorize it to insert a condominium association within another association. According to Breakwater, the Ninth Amendment validly added the land composing One Offshore to BVCA, because "[t]he fact that [One Offshore] has itself been submitted to [the] condominium form of ownership does not affect the validity of the Ninth Amendment or the developer's ability . . . to add a unit to the condominium."
Conversely, BVCA argues that the provisions of the Act do not authorize the insertion of *Page 8 
a condominium association into an existing condominium association. According to BVCA, § 34-36.1-2.20 of the Act authorizes the creation of "Master Associations" and § 34-36.1-2.21 of the Act allows for the "Merger or consolidation of condominiums," but neither statute is applicable in this context. BVCA contends that the two associations are separate and that One Offshore cannot be a unit within BVCA without violating the Act. According to BVCA, "Breakwater is improperly combining the issues of condominium ownership and establishment of One Offshore with the issues of master association and merger."
To resolve this issue, this Court must be mindful of settled precepts of statutory interpretation. When the language of a statute is clear and unambiguous, the Court must give the language its plain and ordinary meaning. See Pawtucket Transfer Operations,LLC v. City of Pawtucket, 944 A.2d 855, 859 (R.I. 2008). "When a statute is ambiguous, however, [the Court] must apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." HarvardPilgrim Health Care of New England, Inc. v. Rossi,847 A.2d 286, 290 (R.I. 2004). However, "in so construing the statute, the court will not undertake to read the enactment literally if by so doing [the court] attribute[s] to the Legislature an intention that is contradictory of or inconsistent with the evident purpose of the act." Mason v. Bowerman Bros., Inc.,95 R.I. 425, 431, 187 A.2d 772, 776 (1963) (citing O'Brien v.Waterman, 163 A.2d 31 (R.I. 1960)).
"Furthermore, when a statute establishes rights not cognizable at common law, that statute is `subject to strict construction.'" Bandoni v. State,715 A.2d 580, 584 (R.I. 1998) (quoting Accent Store Design,Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996)). Notably, "the condominium form of ownership is purely a creature of statute. As a legislative enactment in derogation of the common law, the Condominium Act is subject to strict *Page 9 
construction." Pekelnaya v. Allyn,25 A.D.3d 111, 118, 808 N.Y.S.2d 590, 596 (N.Y.A.D. 2005) (internal citations omitted).
When the Act is examined with these precepts in mind, this Court agrees with the parties that, absent merger of the two associations or creation of a master association, it is silent as to whether a condominium association can be inserted within another condominium association. As the Act is in derogation of the common law and must be construed strictly, the absence of express language in the Act allowing for the insertion of one condominium association into another one suggests that such insertion is not allowed.
While the Act does envision the possibility of two condominium associations "cohabitating," the Legislature has specifically limited that arrangement to "Master associations" pursuant to § 34-36.1-2.20, and "Merger or consolidation of condominiums," pursuant to § 34-36.1-2.21. In this case, it is undisputed that Breakwater has not attempted to create a "Master association" inclusive of BVCA and One Offshore nor has it sought to merge or consolidate the two associations by statute, again suggesting that such an arrangement is not authorized by the Act.
Moreover, allowing Breakwater to insert One Offshore into BVCA without a merger or creation of a master association would fly in the face of how a condominium is defined under the Act. Under the Condominium Act, a condominium is:
 real estate, portions of which are designated for separate ownership and the remainder of which is designated for common ownership solely by the owners of those portions. Real estate is not a condominium unless the undivided interest in the common elements are vested in the unit owners.
§ 34-36.1-1.03(7) (emphasis added). Put another way:
 Definition (7), `condominium,' makes clear that, unless the ownership interest in the common elements is vested in the owners *Page 10 
of the units, the project is not a condominium. Thus, for example, if the common elements were owned by an association in which each unit owner was a member, the project would not be a condominium. Similarly, if a declarant sold units in a building but retained title to the common areas, granting easements over them to unit owners, no condominium would have been created. Such projects have many of the attributes of condominiums, but they are not covered by this Act.
R.I. Gen. Laws § 34-36.1-1.03(7), Commissioners' Comment 5.
As such, for One Offshore to exist properly as a condominium, the common elements of the condominium must be owned "solely" by the individual unit owners of the divided real estate. § 34-36.1-1.03. Yet, if One Offshore were allowed to be inserted into BVCA, BVCA owners would have an ownership interest in all of the common elements of its real estate, which — as proposed by Breakwater — would include One Offshore. Doing so would violate the plain terms of the Act, as persons who are not individual unit owners of One Offshore with an ownership interest in the undivided real estate of One Offshore (namely the BVCA owners) would own the common elements of One Offshore, in violation of the Act's requirement that those common elements be owned "solely" by the individual unit owners of One Offshore. Therefore, the Ninth Amendment, which attempts to insert One Offshore into BVCA without an agreed upon merger or creation of a master association by the unit owners of both condominiums, contradicts the Act, rendering the Ninth Amendment invalid. See Sisto v. AmericaCondominium Assoc., No. NC-2008-0119, at *7-8 (R.I. Super. Aug. 27, 2009) ("the provisions of a declaration under which a condominium is created must conform to all statutory requirements, and to the extent that they conflict therewith, the statute must prevail").
In reaching this determination, this Court notes that One Offshore's reliance on the "development rights" portion of the Act and the BVCA Declaration is misplaced. In both instances, the pertinent language of the statute and the Declaration allow Breakwater to "add real *Page 11 
estate to a condominium." See
R.I. Gen. Laws § 34-36.101.03(11)(A) (allowing a declarant to reserve rights to "[a]dd real estate to a condominium");see also BVCA Declaration, Art. 16 (providing developer with the right "to add real estate to [BVCA]"). While such provisions may allow the land of One Offshore to be added as a unit to BVCA (and may allow that unit to be subdivided and developed), neither of these provisions allows for that development to include creation of a separate condominium association and then the insertion of that condominium association into a preexisting, separate condominium association. As such, this Court is satisfied that these provisions of the Act and Declaration do not allow for One Offshore to be inserted into BVCA, as provided by the Ninth Amendment.
 III. Conclusion
Accordingly, this Court denies Breakwater's motion for summary judgment to the extent that it is premised on BVCA's alleged failure to join indispensable parties, finding that the individual unit owners of One Offshore are not indispensable parties to this action. In addition, this Court grants BVCA's motion for summary judgment and denies Breakwater's cross motion for summary judgment, to the extent the parties contest the validity of the Ninth Amendment to the Declaration of Condominium of Breakwater Village. This Court declares that the Ninth Amendment contravenes the Rhode Island Condominium Act and is void to the extent that it provides for the insertion of one condominium association into another condominium association, absent merger of the two associations or the creation of a master association.[1]
Counsel shall confer and submit to this Court forthwith for entry agreed upon forms of order and judgment that are consistent with this Decision.
[1] As a result of this declaration, this Court need not reach the other issues raised by the parties in their summary judgment motions.