[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #108
The plaintiff, Lois Sivahop, filed a two-count complaint against the defendants Arthur Harris and Patricia Uria. The plaintiff alleges that on April 22, 1996 she was operating her CT Page 10544 motor vehicle on Main Street in Stratford. Uria was operating her motor vehicle directly behind the plaintiff, and Harris was operating his motor vehicle directly behind Uria. When the plaintiff slowed her vehicle to obey a traffic light, Harris struck the rear of Uria's motor vehicle, propelling it into the rear of the plaintiff's motor vehicle. The plaintiff alleges that her injuries were caused by both Harris' and Uria's negligence.
Subsequently, Uria filed an answer with special defenses and a cross-claim, in which Uria alleges a common law claim for indemnification against Harris. Harris now moves to strike Uria's cross-claim on the ground that Uria cannot show that Harris was in exclusive control of the circumstances of the collision as a matter of law. The matter was heard by the court on August 24, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998). A motion to strike is the proper manner in which to contest the legal sufficiency of any cross complaint. Practice Book § 152, now Practice Book (1998 Rev.) § 10-39(3).
Harris argues that while the issue of exclusive control of a situation is normally a question of fact, where the allegations are such that no reasonable juror could find that the cross-claim defendant had exclusive control over the situation, the issue becomes one of law. Harris contends that there was no way he could control how Uria operated her motor vehicle.
"Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . ." Skuzinski v. Bouchard Fuels, CT Page 10545Inc., 240 Conn. 694, 697, 694 A.2d 788 (1997). Uria's third party complaint must allege facts sufficient to establish "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [Uria's], was the direct, immediate cause of the accident and injuries; (3) that [Harris] was in control of the situation to the exclusion of [Uria] and (4) that [Uria] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Id., 698.
Harris asserts that Uria's cross-claim is insufficient as a matter of law regarding the third element. In Skuzinski, the Supreme Court recognized that whether a party exercises exclusive control over a situation is ordinarily a question of fact. "Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law."[1] Id., 705.
The Supreme Court in Skuzinski explicitly stated what the "special circumstances" of the case were: "We address only the narrower question raised by the circumstances of this case, namely, whether the exercise of exclusive control over a sidewalk, by failing to remove its snow cover, can be equated to the exercise of exclusive control over the situation, ' that is s to say over an accident caused by an unrelated party and occurring in the adjoining public roadway." Id., 705-06. The Supreme Court held that the facts of the case provided "one of the rare examples in which the issue may properly be decided as a question of law." Id., 705. In Skuzinski, the third party plaintiff alleged that it was entitled to indemnity because the third party defendants had failed to clear snow from their sidewalk, thereby causing the plaintiff to walk in the street, where he was struck by a truck. Id., 696-97. The court held that no reasonable juror could find that the third party defendants were in exclusive control of the situation. Id., 706. The issue here is whether the factual scenario alleged is one of the rare examples where the court can determine that no reasonable juror could find Harris in exclusive control of the collision.
The circumstances of a multiple rear-end collision do not provide an appropriate factual setting in which to decide exclusive control as a matter of law on a motion to strike. The CT Page 10546 facts here do not entail the rare special circumstances where no reasonable finder of fact could find that Harris exercised control over the situation. "It is plausible to define exclusive control over the situation' as exclusive control over the dangerous condition that gives rise to the accident." Id., 706. Here, under the factual scenario alleged in the cross-complaint, it is possible that a jury could find that Harris — who allegedly rear-ended automobiles stopped at a stop light due to poor brakes and negligent driving — was in exclusive control of the injury-causing condition. See Saucier v. 5-D's SkatingCenter. Inc., Superior Court, judicial district of Waterbury, Docket No. 131232 (January 7, 1998, Shortall, J.) (holding that jury should decide which party was in control of dangerous situation leading to plaintiff's damages). Thus, Harris cannot show that, as a matter of law, he was not in exclusive control. Because a reasonable juror might determine that Harris did have exclusive control over the dangerous condition that gave rise to the accident, he cannot prevail under the reasoning of Skuzinski. Accordingly, Harris' motion to strike is denied.
THOMAS NADEAU, J.