[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE MOTION OF THIRD-PARTY PLAINTIFFS GONZALES AND PROLINE CARRIERS TO IMPLEAD WARREN MILLS (#116)
The matter before the court is a motion by defendants Proline Carriers Inc. and Omar Gonzales to implead Warren Mills for purposes of indemnification. Mills is alleged to have been the driver of an automobile in which plaintiff Irvin Pettway was a passenger. While Mills and Pettway were proceeding on Interstate 95, Mills slowed the automobile to a stop, and was then rear-ended by a truck being operated by Gonzales and owned by Proline Carriers, Inc.
Gonzales and Proline argue that Mills was in exclusive control of the situation. The rationale prompting such an argument is that if it is possible that a jury could so find, then it is appropriate for these original defendants to be able to bring Mills in. See, Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694 (1997). Plaintiff Pettway objects to said motion to implead Mills, claiming no reasonable juror could find Mills in exclusive control, since the situation involved two moving vehicles on a public road.
This court previously decided in Sivahop v. Harris, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351127 (September 11, 1998) (Nadeau, J.) (22 CONN. L. RPTR. 578,) that "[t]he circumstances of a multiple rear-end collision do not provide an appropriate factual setting in which to decide exclusive control as a matter of law on a motion to strike." Id., 579. Thus this court held that it could be possible for a jury to conclude that the driver of a third automobile which rear-ends a second automobile which in turn CT Page 614 rear-ends a first automobile to be in exclusive control of the situation. Id. Likewise here, it is possible for Mills to have been in exclusive control of the situation, as he is alleged to have negligently slowed and stopped the vehicle he was driving with Pettway as a passenger. Therefore, at this stage of the proceedings, the court will grant the original defendant's motion to implead Mills for purposes of indemnification.
Thomas L. Nadeau, Judge