[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE #123)
Pursuant to Practice Book § 10-39, the defendants, Jeremias Irizarry, Jr., George Gustitus and Jean Gustitus (hereinafter referred to as "Irizarry"), moved to strike the co-defendants Maria Garcia and Dennis Maldonado's (hereinafter referred to as "Maldonado"), cross-claim dated September 8, 1999, claiming common law indemnification, as Irizarry argues that the cross-claim fails to state a recognizable claim under Connecticut law upon which relief can be granted.
By way of a single count complaint dated March 1, 1999, the plaintiff, Catalina Keller, instituted the present action against the defendants Irizarry alleging carelessness and negligence in connection with the operation of a motor vehicle, which resulted in injuries to the plaintiff on, or about September 23, 1998, in the New Haven area, State of Connecticut. On June 22, 1999, the defendants Irizarry filed an apportionment complaint against the apportionment defendants Maldonado, alleging that the carelessness and negligence of the apportionment defendant Maldonado was the proximate cause of the accident and injuries sustained by the plaintiff.
On September 3, 1999 the plaintiff filed an amended complaint to include allegations of negligence and carelessness against the apportionment defendants Maldonado.
On September 3, 1999, the apportionment defendants Maldonado filed a cross-claim against the defendants Irizarry in which they seek indemnification for any judgment rendered in favor of the CT Page 5464 plaintiff. The cross-claim alleges that any injuries suffered by the plaintiff were the proximate cause of the negligence of defendants Irizarry; that Maldonado did reasonably rely upon defendants Irizarry to operate their vehicle in a non-negligent manner and defendants Irizarry were in exclusive control of the situation to the exclusion of any other person.
The defendants Irizarry moves the court to strike the cross-claim of the defendants Maldonado in its entirety as the allegation in a third party complaint that a third party defendant was in "exclusive control of the situation," is legally insufficient to support an indemnity claim arising out of an automobile accident when both parties are alleged to have committed active negligence.
A motion to strike challenges the legal sufficiency of the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). "In deciding upon a motion to strike or demurrer, a trial court must take facts to be those that alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged."Liljedahl Brothers, Inc. v. Grisby, 215 Conn. 345, 348 (1990). A motion to strike admits all facts well pleaded and those facts necessarily implied from the allegation. Mead v. Burns,199 Conn. 651, 655 (1988). "It does not include, however, the legal conclusions or opinions stated in the complaint." Coste v.Riverside Motors, Inc., 24 Conn. App. 109, 111 (1991). Where plaintiff's complaint alleges legal conclusions unsupported by facts, a motion to strike shall be granted. Mora v. Aetna Life andCasualty Ins. Co., 13 Conn. App. 111, [13 Conn. App. 208], (1988). "If any of the facts probable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike. Bouchardv. People's Bank, 219 Conn. 465, 471 (1991).
There is a split of authority in the Superior Court concerning whether an allegation in a third party complaint that a third party defendant was in "exclusive control of the situation" is legally sufficient to support an indemnity claim arising out of an automobile accident when both parties are alleged to have committed active negligence. This court adopts the decisions in theSandclemente v. Wlaz, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394430,6 Conn.L.Rptr. 405 (May 12, 1992) (Aurigemma, Jr.); Mahoney v. Gibson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 055256 (June 26, 1984) (Lewis, J.); and Simon v. MyBread Baking Co., et al., 1999 Conn. Super. Lexis 2761.6 (1999), Superior Court, judicial district of Stamford/Norwalk at Stamford, CT Page 5465 Docket No. 980165440 (October 14, 1999) (D'Andrea, J.), which support the conclusion that, when the location of an accident is a public highway and the defendants are two drivers charged with active negligence, it is not possible for either driver to have exclusive control of the situation.
This court respectfully disagrees with the decisions reached by the Superior Court in Pettway v. Gonzalez, CV97 0345423, judicial district of Fairfield at Bridgeport (January 12, 1999) (Nadeau, J.) and Gladding v. Sadden, judicial district of Danbury at Danbury, Docket No. CV97 327219 (November 17, 1997) (Stodolink, J.).
Accordingly, the motion to strike is granted.
The Court
Arnold, J.