[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 17, 2000, the plaintiffs, Yvonne Boles, John W. Saunders, Jr., and Darryl Epps, filed a complaint against Metro-North, Raymond Brigano, Rollins Leasing Corporation, and Greencycle of Connecticut, Inc. The complaint alleges that the plaintiffs were passengers on a Metro-North train, when the train collided with a truck operated by Brigano. The complaint alleges that the defendants caused the collision through their own negligence and carelessness, and that as a result of the collision, the plaintiffs incurred numerous injuries and medical expenses. CT Page 3039
On April 20, 2000, the defendants, Brignano, Rollins Leasing Corp., and Greencycle of Connecticut, filed a cross claim against Metro-North, seeking indemnification and contribution against the plaintiffs' claims. On August 8, 2000, Metro-North filed a motion to strike the indemnification cross claim, on the ground that, as a matter of law, no reasonable jury could find that Metro-North had exclusive control over the accident. On September 18, 2000, the cross claimants filed an objection to the motion to strike on the ground that they sufficiently alleged all four elements for an indemnity action.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . cross claim . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike admits all facts well pleaded. . . ." (Emphasis in original; internal quotation marks omitted.) Id., 588.
In support of its motion, Metro-North argues that the indemnity cross claim is legally insufficient because in order to assert an indemnity action a party must establish that the other defendant had exclusive control over the accident. Specifically, Metro-North argues that in cases which involve an accident between multiple vehicles on a public highway, such as the present case, it is impossible to assert that one of the parties had exclusive control. The cross claimants disagree and argue that it is a question of fact for the jury whether a certain party had exclusive control over the accident, and note that there is a split of authority in the Superior Court on this issue. In addition, the cross claimants argue that the rationale in striking indemnity claims is not present here because this accident did not happen on a public highway, but on train tracks that Metro-North had exclusive control over.
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." (Emphasis in original; internal quotation marks omitted.) Crotta v. HomeCT Page 3040Depot, Inc., 249 Conn. 634, 641-42, 732 A.2d 767 (1999). In order to maintain a common law action for indemnity, a plaintiff must allege sufficient facts to establish: "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the third-party plaintiffs'], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [the third-party plaintiffs]; and (4) that [the third-party plaintiffs] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Skuzinski v. BouchardFuels, Inc., 240 Conn. 694, 698, 694 A.2d 708 (1997).
"There is a split of authority in the Superior Court concerning whether an allegation in a third party complaint that a third party defendant was in `exclusive control of the situation' is legally sufficient to support an indemnity claim arising out of an automobile accident when both parties are alleged to have committed active negligence." Keller v.Irizarry, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 067999 (May 8, 2000, Arnold, J.) (27 Conn. L. Rptr. 242). Cases that support the conclusion that exclusive control cannot be sufficiently plead in such a situation include: Keller v. Irizarry,
supra, 27 Conn. L. Rptr. 242; Simon v. My Bread Baking Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165440 (October 14, 1999, D'Andrea, J.); Sanclemente v. Wlaz, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394430 (May 12, 1992, Aurigemma, J.); Vahey v. Dodson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268414 (December 31, 1990, Nigro, J.); and Mahoney v. Gibson, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 055256 (June 26, 1984, Lewis, J.).
Cases which support the conclusion that exclusive control may be possible in a multiple vehicle accident for an indemnity action include:Pettway v. Gonzalez, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345423 (January 12, 1999, Nadeau, J.) (23 Conn. L. Rptr. 610); Sivahop v. Harris, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351127 (Sept. 11, 1998,Nadeau, J.) (22 Conn. L. Rptr. 578); Gladding v. Saren,
Superior Court, judicial district of Danbury at Danbury, Docket No. 327219 (November 17, 1997, Stodolink, J.); and Riscitelli v.Metro North Commuter Railroad, Superior Court, judicial district of New Haven at New Haven, Docket No. 326325 (September 5, 1995,Zoarski, J.).
The issue of exclusive control is ordinarily a question of fact. SeeSkuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 704. "Nonetheless, CT Page 3041 special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." Id., 705.
This action does not include special circumstances that would render the issue of exclusive control an issue of law. Unlike the majority of the aforementioned cases which involve multiple motor vehicles on a public highway, this case involves a train hitting a motor vehicle on train tracks. Here, the cross claimants have made legally sufficient factual allegations to support a claim that Metro-North had exclusive control of the situation. The cross claimants allege that the truck became stuck on the tracks because Metro-North failed to properly maintain the tracks, which caused the tracks to become defective. The cross claimants also allege that Metro-North failed to maintain a proper warning system and failed to erect a gate to stop traffic from crossing the tracks. The cross claimants also allege that Metro-North operated its train at an excessive speed, failed to respond to warnings of the truck on the tracks, failed to observe, slow down and then stop its train when it should have done so. Finally, the cross claimants allege that Metro-North failed to maintain its brakes in good working order in order to stop before colliding with the truck.
In reviewing these numerous allegations, the cross claimants have alleged sufficient facts which, if proven, a jury could find that Metro-North had exclusive control over the situation. Accordingly, Metro-North's motion to strike is denied.
CHASE T. ROGERS, J.