STATE

v.

**Frank MATTERA.**

No. 95–177–C.A.

Supreme Court of Rhode Island.

March 8, 1996.

Jane M. McSoley, Special Asst. Atty General, Aaron Weisman, Asst. Atty General, for Plaintiff.

Edward J. Romano, John F. Cicilline, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on January 23, 1996, pursuant to an order directing the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Frank Mattera, appeals from a judgment of conviction of solicitation of a bribe. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown and that the issues raised by this appeal will be decided at this time.

The defendant, an attorney, was charged with soliciting a bribe in violation of G.L.1956 § 11–7–3 while acting as an agent for Gerald Pouliot (Pouliot), assistant city solicitor of the city of Pawtucket. It was alleged that defendant obtained money from Anthony Pizzo (Pizzo) in exchange for the dismissal of a charge of driving while intoxicated pending against Pizzo's son.

On appeal defendant argues that his motion to dismiss the charge should have been granted because the indictment did not properly conform to the wording of § 11–7–3. It is well settled that an indictment must inform the person charged of the elements of the offense, "whether in the definition of common law or in the elements set forth in a statute." *State v. Cassey,* 543 A.2d 670, 675 (R.I.1988) (citing *State v. Jorjorian,* 82 R.I. 334, 107 A.2d 468 (1954)). A lack of evidentiary details establishing the facts of the offense does not invalidate the indictment. The indictment in the present case adequately informed defendant of the charge against him.

The defendant also asserts that the trial justice improperly restricted his cross-examination of Pizzo. Specifically, defendant claims that he should have been given great-

er latitude in questioning Pizzo about where he had obtained the $3,000 allegedly paid defendant. However, on cross-examination, Pizzo testified that the money had come from rent receipts, certificates of deposit, and Social Security benefits.

■ Questions pertaining to the relevancy of evidence and the scope of cross-examination lie within the sound discretion of the trial justice. *State v. Brennan,* 526 A.2d 483, 488 (R.I.1987). This court will disturb the rulings of a trial justice only when such abuse constitutes prejudicial error. *State v. Anthony,* 422 A.2d 921, 924 (R.I.1980). In restricting defendant's cross-examination of Pizzo, the trial justice properly ruled that further inquiry into Pizzo's finances was neither relevant nor warranted.

■ Next, defendant contends that the trial justice erred in permitting the state to introduce evidence that he received payment from Legal Care for his representation of Pizzo's son.[1] The evidence, defendant claims, was highly prejudicial and should have been excluded under Rule 404(b) of the Rhode Island Rules of Evidence. Payment through Legal Care for legal services rendered by defendant does not come within the purview of the "other crimes, wrongs, or acts" contemplated in Rule 404(b). There is nothing illegal about the submission of a claim for legal fees to be paid by Legal Care for services rendered by a participating attorney.

The defendant also challenges the trial justice's denial of his motion for judgment of acquittal. He argues that the evidence was insufficient to establish that he was an agent for Pouliot or that he was involved in the dismissal of the complaint against Pizzo's son.

■ In ruling on a motion for judgment of acquittal, the trial justice "must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and draw all reasonable inferences that are consistent with guilt." *State v. Clark,* 603 A.2d 1094, 1097 (R.I.1992). Pizzo testified that he paid defendant in exchange for the dismissal

of the charges pending against his son. According to Pizzo, he drove to Brook's Tavern and gave defendant an envelope containing $5,000. The defendant waved the envelope at Pouliot and then handed it to him. Immediately thereafter, defendant and Pouliot began to count the envelope's contents. The trial justice properly concluded that the evidence was sufficient to generate proof beyond a reasonable doubt that defendant, acting as an agent for Pouliot, solicited a bribe from Pizzo in exchange for the dismissal of the charge pending against Pizzo's son.

■ The defendant also argues that the refusal of the trial justice to give a particular instruction requested by him on the issue of reasonable doubt constituted reversible error. However, as long as the trial justice's instruction "adequately covers the law relating to the request," it is not reversible error to refuse to give the instructions requested by a defendant. *State v. Grundy,* 582 A.2d 1166, 1170 (R.I.1990). In this instance the instructions of the trial justice were complete.

■ Finally, the defendant argues that the trial justice erred in denying his motion for a new trial. However, the defendant's failure to order a transcript of the hearing on his motion for a new trial precludes meaningful review by this court. *Chariho Regional High School District v. Town Treasurer of Hopkinton,* 109 R.I. 30, 45, 280 A.2d 312, 320 (1971).

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

---

1. Legal Care is a group that insured Pizzo's son as a member of the Teamsters Union.