## STATE

v.

## Frank MATTERA.

### No. 95–177–C.A.

Supreme Court of Rhode Island.

Oct. 18, 1996.

Jane McSoley, Aaron Weisman, Providence.

Edward J. Romano, John F. Cicilline, Providence.

### ORDER

This case came before us after we issued an order to the defendant, Frank Mattera, to show cause why we should not deny and dismiss his attempt on appeal to overturn his conviction for soliciting a bribe. *See* G.L. 1956 § 11–7–3. We previously set forth our reasons for rejecting all of Mattera's challenges to the Superior Court's rulings. *See State v. Mattera,* 671 A.2d 1227, 1229 (R.I. 1996). However, in that decision we treated Mattera's objections to the denial of his new-trial motion as a misfire, stating that his

failure to order a transcript of the hearing on that motion precluded "meaningful review by this court." *Id.* But after being informed that a transcript had in fact been timely prepared and submitted, we granted his petition to reargue the new-trial issue and reassigned this matter to the show-cause calendar for that limited purpose.

Having examined the record and carefully considered the written memoranda and arguments on the merits of this appeal, we conclude that the trial justice's denial of Mattera's new-trial motion is not subject to reversal. On the contrary, the trial justice engaged in a commendable analysis of the evidence while properly discharging his role as a superjuror. After listening to counsel, the trial justice reviewed all of the material evidence in light of his charge to the jury, passed upon its weight, made credibility determinations, and found, *inter alia,* that reasonable minds could fairly come to different conclusions about the evidence presented. His decision cannot be disturbed unless he overlooked or misconceived material evidence or was otherwise clearly wrong. *See, e.g., State v. Aponte,* 649 A.2d 219, 224 (R.I. 1994). Mattera had the burden to prove these errors. *See, e.g., State v. McGranahan,* 415 A.2d 1298, 1302 (R.I.1980). In our judgment, he has not done so.

For these reasons we deny and dismiss defendant's appeal and affirm the judgment of conviction.