DECISION
On December 17, 2008, a grand jury returned an indictment against Defendant David Clark, ("Defendant"), charging him with one count of failure to disclose information regarding workers' compensation insurance policies in violation of G.L. 1956 § 27-54-1. Defendant has filed a Motion to Dismiss the indictment pending against him. He alleges that the indictment should be dismissed for failure to state an offense, for failure to give fair warning of the conduct proscribed, and for lack of notice of the accusation brought against him. After careful consideration of Defendant's motion and memoranda and the State's response, Defendant's motion is now ripe for decision.
 FACTS AND TRAVEL
Beacon Mutual Insurance ("Beacon") was established under a statutory mandate to "ensure that all employers in the state of Rhode Island have the opportunity to obtain workers compensation insurance at the lowest possible rate." 2003 P.L. Ch. 410 § 3(a). Beacon was intended to be a carrier of last resort in order to help the General Assembly create and maintain a stable and competitive market for workers' compensation.Id. Defendant was hired as the Vice-President of Underwriting at Beacon in 2000. Thereafter, the Department of Business *Page 2 
Regulation ("DBR") began investigating Beacon regarding the methodology that Beacon employed when calculating insurance premiums.
In his capacity as the Vice-President of Underwriting, Defendant maintained a VIP list that contained the names of various companies that were of importance to Beacon. Although the true nature of this list differs in the opinion of the prosecution and the defense, its disclosure, or lack thereof, remains the essential issue in this case. The sole charge against Clark is a violation of § 27-54-1 alleging that:
 on a day or days between January 1, 2006 and May 31, 2006 . . . [Defendant] did knowingly and with intent to deceive the [DBR] director about the financial condition of Beacon Mutual Insurance Company failed to disclose material information, to wit, [that thirteen specified companies], that received workers compensation insurance coverage through Beacon Mutual Insurance Company, received discounted premiums on their worker's [sic] compensation insurance polices that were unfairly discriminatory, in violation of Secs. 27-7.1-4.1
and 27-7.1-5.1 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 2002), and Rhode Island Public Law 2003, Ch. 401, Sec. 11(c)(2) . . . causing Beacon Mutual Insurance Company to lose revenue.
Defendant filed a Motion to Dismiss on May 15, 2009 for failure to state an offense; failure to give fair warning of the conduct proscribed; and lack of notice for the accusation brought against Defendant. On June 1, 2009, the State filed an omnibus memorandum in opposition to Defendant's Motion to Dismiss. A reply memorandum in support of the Motion to Dismiss was filed by Defendant on June 16, 2009.
 STANDARD OF REVIEW
The Supreme Court has "long recognized that a grand jury is an appendage of [this] court and subject to our supervision." State v.Russell, 950 A.2d 418, 424 (R.I. 2008) (citing State v. Simpson, A.2d. 522, 524 (R.I. 1995). "Rhode Island, unlike some jurisdictions, has continued to adhere to the traditional grand jury model." Id. (citingState v. Franco, 750 A.2d. 415, 419 (R.I. *Page 3 
2000). The grand jury's traditional role in Rhode Island "is to decide whether the evidence presented to it, unexplained and uncontradicted, gives rise to a sufficient quantum of proof to warrant the return of a formal accusation of a crime." Id. (citing State v. Acquisto,463 A.2d 122, 127 (R.I. 1983). "[O]ur grand juries [perform] . . . interrelated but distinct functions. . . ." Id. (quoting State v. Guido,698 A.2d 729, 735 (R.I. 1997). "In its indicting capacity, the grand jury is said to act as a shield, . . . thereby protecting the public from baseless prosecutorial accusations." Id. "In its investigating capacity the grand jury is said to act as a sword, ferreting out criminal conduct."Id.
In regard to a motion to a dismiss a grand jury indictment,
 dismissal of an indictment grounded on an alleged nonconstitutional error is proper only "`if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is `grave doubt' that the decision to indict was free from the substantial influence of such violations." Id. (citing State v. Chiellini, 557 A.2d 1195, 1201 (R.I. 1989) (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 256, 108 S. Ct. 2369, 2374
(1988)).
Although our Supreme Court has not explicitly stated a standard of review when reviewing a motion to dismiss a grand jury indictment based on an alleged constitutional error, the United States Supreme Court has noted that "it would be inappropriate to devise a rule permitting federal courts to deal more sternly with nonconstitutional harmless errors than with constitutional errors that are likewise harmless."Bank of Nova Scotia, 487 U.S. at 255, 108 S. Ct. at 2374. Consistent with this notion, the First Circuit Court of Appeals recently applied the same standard in deciding whether a defendant's grand jury indictment should be dismissed on the grounds that the petitioner's due process rights were violated. Goodrich v. Hall, 448 F.3d 45, 50 (1st Cir. 2006). The Goodrich Court also noted that "an indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the *Page 4 
charge on the merits." Id. (quoting Costello v. United States,350 U.S. 359 (1956)); see also State v. Mainelli, 543 A.2d 1311, 1313 (R.I. 1988). Two of Defendant's arguments for dismissal of the grand jury indictment are based on violations of the due process clause. Therefore, it would appear prudent to adopt the standard noted by the United States Supreme Court in Bank of Nova Scotia and utilized by the First Circuit Court of Appeals in Goodrich.
 ANALYSIS Failure to State an Offense
Defendant first alleges that the indictment should be dismissed because it fails to state an offense. It is well-established in Rhode Island that ". . . the defendant . . . be notified by the indictment of the nature and cause of the accusation. . . ." R.I. Const. Art. I § 10;see also State v. Smith, 56 R.I. 168, 177, 184 A. 494 (1936). An indictment must inform the person charged of the elements of the offense, "whether in the definition of common law or in the elements set forth in the statute." State v. Mattera, 671 A.2d 1227, 1228 (R.I. 1996). "A penal statute `must contain a description or definition of the act or conduct which comprises the offense contemplated therein stated with legal certainty.'" State v. Oliveira, 882 A.2d 1097, 1110-1111
(R.I. 2005) (quoting State v. Smith, 766 A.2d 913, 924 (R.I. 2001)). It is also well-established "that the state may not hold a person `criminally responsible for conduct which he could not reasonably understand to be proscribed.'" Id. (quoting State v. Authelet,120 R.I. 42, 45, 385 A.2d 642, 643 (1978)).
Defendant alleges that the indictment fails to state an offense because the statutory language of § 27-54-1 should be read as imparting an obligation on a person to disclose information only when the DBR specifically requests information. Based on this interpretation, Defendant claims that because the DBR never requested the information at issue in this case, *Page 5 
Defendant cannot be found guilty of failing to disclose such information. The State counters that reading § 27-54-1, as the Defendant suggests, creates an additional element by requiring the DBR to first make a request for information before a person may be found criminally liable for failing to disclose such information. The State argues that the clear language of § 27-54-1 does not include this requirement, and that reading the statute in the manner suggested by Defendant would frustrate the clear public policy behind the statute.
Our Supreme Court has stated that "[t]he construction of legislative enactments is a matter reserved for the courts." State v.Greenberg, 951 A.2d 481, 489 (R.I. 2008) (quoting Brennan v. Kirby,529 A.2d 633, 637 (R.I. 1987)). When the language of a statute is clear and unambiguous on its face, the task of statutory interpretation is at an end and this Court must give the words of the statute their plain and ordinary meaning. State v. Menard, 888 A.2d 57, 60 (R.I. 2005); see alsoState v. Smith, 766 A.2d 913, 924 (R.I. 2001). This Court "`will not broaden statutory provisions by judicial interpretation unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute.'" Menard, 888 at 60 (quoting Gem Plumbing Heating Co. v. Rossi, 867 A.2d 796, 811 (R.I. 2005)). When a statute is ambiguous and susceptible to more than one interpretation, this Court must "`glean the intent and purpose of the Legislature `from a consideration of the entire statute, keeping in mind [the] nature, object, language and arrangement' of the provisions to be construed. . . .'" Castelli v. Carcieri, 961 A.2d 277, 282 (R.I. 2008) (quoting In re Advisory Opinion to the Governor, 668 A.2d 1246, 1248
(R.I. 1996)).
Our Supreme Court has also asserted that "[a] penal statute . . . must be strictly construed in favor of the party upon whom [the] penalty is to be imposed." State v. Cluely, 808 A.2d 1098, 1105-06 (R.I. 2002) (citing State v. Capuano, 591 A.2d 35, 37 (R.I. 1991)). However, our High *Page 6 
Court "will not interpret a statute literally when to do so would lead to an absurd or unreasonable result or would impede a clear legislative intent." State v. Lusi, 625 A.2d 1350, 1353 (R.I. 1993)).
In this case, the indictment charges Defendant with one count of failing to disclose information regarding the pricing of workers compensation insurance policies to the Director of the DBR in violation of G.L. 1956 § 27-54-1. Section 27-54-1 provides in pertinent part:
 Any person . . . who knowingly and with intent to deceive the director [of business regulation] about the financial condition of the company fails to disclose material information . . . shall upon conviction, be fined not exceeding fifty thousand dollars ($50,000) or imprisoned not exceeding twenty (20) years, or both.
Defendant claims that § 27-54-1 implicitly imposes a requirement that the DBR request information before a person may be found in violation for failing to disclose that information. This Court need not indulge in statutory interpretation in this case. The language of § 27-54-1 is clear and unambiguous that it does not require the DBR to request information before a person may be criminally liable for failing to disclose information. Construing the statute to require a request for information before a person may be found in violation of § 27-54-1 would lead to an absurd and unreasonable result. See Lusi, 625 A.2d at 1353. Reading § 27-54-1 in the manner suggested by Defendant would also impede the legislature's intent to punish any person for knowingly failing to disclose information regarding the financial condition of an insurance company to the DBR. See id. Accordingly, Defendant's Motion to Dismiss based on an alleged failure to state an offense must fail. The clear and unambiguous language of § 27-54-1 does not require the DBR to request information before a person violates the statute.
Defendant also argues that the indictment fails to state an offense because Defendant did not have a duty to disclose material information — including the existence of the VIP list — to the *Page 7 
Director of the DBR. The question of whether a legal duty exists is a question of law to be determined by the Court. See Kuzniar v.Keach, 709A.2d 1050, 1055 (R.I. 1998) ("The existence of a legal duty is purely a question of law, and the court alone is required to make this determination.").
In this case, the plain language of § 27-54-1 imposes a legal duty on a person to disclose material information relating to the financial condition of an insurance company to the director of the DBR. Whether a defendant has breached a duty owed, however, is a question of fact to be determined by the trier of fact. See Terry v. Central Auto Radiators,Inc., 732 A.2d 713, 718 (R.I. 1999) ("Whether [defendant's] inaction amounted to a breach of the duty owed . . . was a question of fact[,] which should have been put to the trial jury."); see also Lusi,625 A.2d at 1355 (What constitutes a "reasonable period of time" when a breathalyzer test must be administered in driving under the influence statute is a "question for the trier of fact in light of the facts and circumstances surrounding each case."). Therefore, the issue of whether the information that Defendant is charged with failing to disclose was "material" and whether the information was related to the financial condition of Beacon are questions of fact that must be determined by the trier of fact. See Lusi, 625 A.2d at 1355. Additionally, there are issues of fact that must be determined by the trier of fact regarding whether Defendant acted knowingly and with the intent to deceive the director of the DBR. See id.
Defendant's Motion to Dismiss based on an alleged failure to state an offense must fail. Although § 27-54-1 imposes a duty to disclose material information relating to the financial condition of an insurance company, questions of fact exist as to whether Defendant breached that duty by reason of his intent. Accordingly, Defendant's Motion to Dismiss is denied on his claim of failure to state an offense. *Page 8 
 Failure to Give Fair Warning of the Proscribed Conduct
Defendant next argues that the indictment should be dismissed based on a constitutional due process violation because the statute under which he was charged does not adequately provide warning of the conduct it prohibits. Our Supreme Court has stated that "[a] penal statute is void for vagueness in violation of the Fourteenth Amendment Due Process Clause if it `fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits." State v.Russell, 890 A.2d 453, 459 (R.I. 2006) (quoting State ex rel. Town ofWesterly v. Bradley, 877 A.2d 601, 605 (R.I. 2005)); see also State v.Stierhoff, 879 A.2d 425, 435 (R.I. 2005) ("The due-process clause of the Fourteenth Amendment requires that a criminal statute be declared void when it is `so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application."). For this reason, "the state has an obligation to frame its criminal statutes so as to inform adequately the persons to whom it is addressed of the type of conduct that is prohibited." Stierhoff, 879 A.2d at 435 (quotingState v. Alegria, 449 A.2d 131, 133 (R.I. 1982)).
Our Supreme Court has held that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand[.]" Russell, 890 A.2d at 457 (citingState v. Fonseca, 670 A.2d 1237 (R.I. 1996)). If the facts show that a defendant is given sufficient notice that his conduct is at risk, the court will not speculate as to whether the statute notifies a hypothetical defendant. Stierhoff, 879 A.2d at 435-436 (citingState v. Sahady, 694 A.2d 707, 708 (R.I. 1997)). "This method of generally examining vagueness challenges only as they apply to a particular defendant's factual circumstances furthers [the] long settled practice of construing `legislative enactment[s] of the General *Page 9 
Assembly to be constitutional and valid . . . whenever such a construction is reasonably possible.'" Id. (quoting Fonseca,670 A.2d at 1240).
In this case, Defendant claims that he could not know from simply reading § 27-54-1 that it required him to inform the Director of DBR of discounted premium rates given to individual companies when those discounts were part of a company-wide policy. The State contends that a plain reading of the statute would have apprised Defendant that his conduct of deleting, concealing, and otherwise failing to disclose information concerning discriminatory pricing runs afoul of § 27-54-1.
The pertinent part of § 27-54-1 under which Defendant was charged penalizes a person's knowing and deceptive failure to disclose material information to the Director of DBR about the financial condition of the company. The indictment cites two regulatory statutes setting forth an insurance company's obligation to file insurance rates and ensure that those rates are not excessive, inadequate or unfairlydiscriminatory. See §§ 27-7.1-4.1, 27-7.1-5.1. Testimony presented to the grand jury revealed that the companies named on the VIP list, and identified in the indictment, received discounted premiums on workers' compensation insurance based on political favoritism and close personal relationships with Beacon executives. Defendant deleted a copy of the VIP list kept on his computer and did not disclose any information regarding this list or the preferential treatment that was associated with status on the VIP list to the DBR even though Beacon was undergoing a formal Market Conduct Examination. Based on these facts and circumstances, and a plain reading of the statute, Defendant knew or should have known that deleting, concealing and otherwise failing to disclose information concerning the VIP list and the preferential treatment received by those appearing on the list was prohibited by § 27-54-1. *Page 10 
Defendant also argues that absent a specific request for information from DBR, § 27-54-1 sweeps in a broad variety of innocent behavior. This Court need not consider, however, the hypothetical innocent behavior that might be swept into the statute's purview because § 27-54-1, as applied to Defendant, adequately notified him that his conduct was prohibited. See Stierhoff, 879 A.2d at 435-436. Accordingly, Defendant's Motion to Dismiss based on the argument that § 27-54-1 fails to warn of the conduct prohibited must fail. The plain language of the statute makes it clear that a person will be criminally penalized for failing to disclose material information relating to the financial condition of an insurance company.
 Lack of Notice of the Accusation Against Defendant
Defendant finally claims that the indictment in this case should be dismissed because it covers a variety of factual events and, therefore, failed to afford the Defendant notice of the offense with which he has been charged. Our Supreme Court has held that "[m]inimal due process requires that a defendant be afforded `adequate notice of the offense with which he is charged.'" State v. DaSilva, 742 A.2d 721, 727 (R.I. 1999) (quoting State v. Hendershot, 415 A.2d 1047, 1048 (R.I. 1980)). Our legislature has set forth that:
 An indictment . . . which provides the defendant and the court with adequate notice of the offense being charged shall be sufficient if the offense is charged either: (1) By using the name given to the offense in terms of either the common law or by statute, or (2) By stating the definition of the offense in terms of substantially the same meaning. G.L. 1956 § 12-12-1.4.
In addition, our Supreme Court has stated that "[a] lack of evidentiary details establishing the facts of the offense does not invalidate the indictment." Id. Further, a bill of particulars may "specify in sufficient detail the elements of the crime being charged."State v. Saluter, 715 A.2d 1250, 1253 (R.I. 1998). *Page 11 
In this case, the indictment adequately informed Defendant of the charge against him. The indictment specifically cites § 27-54-1, and charges Defendant with only one of the several offenses contained within that statute. The indictment also tracks the exact wording of the relevant portion of the statute with which Defendant has been charged.See Mattera, 671 A.2d at 1228. In addition, this Court has ordered the State to provide a bill of particulars supplying further factual information to which Defendant is entitled. See Order, June 8, 2009. Accordingly, this Court finds that Defendant was afforded adequate notice of the offense with which he was charged in accordance with minimal due process. See DaSilva, 742 A.2d 727.
 CONCLUSION
This Court finds that Defendant's indictment in this case was returned by an unbiased grand jury and is valid on its face. See Goodrich,448 F.3d at 50. This Court finds that no errors, either constitutional or nonconstitutional, have occurred in the charging process. Defendant's Motion to Dismiss is denied because the State has properly stated the offense that Defendant has been charged with in the indictment. Additionally, Defendant's Motion to Dismiss is denied because § 27-54-1
properly warns him of the conduct proscribed in accordance with minimal due process. Finally, Defendant's Motion to Dismiss is denied because the indictment adequately informed Defendant of the charge against him.